**REINBOLT, Grdn., Appellant,**

v.

**GLOOR et al., Appellees.**

[Cite as *Reinbolt v. Gloor,* 146 Ohio App.3d 661, 2001-Ohio-2224.]

Court of Appeals of Ohio,
Third District, Henry County.

No. 7–01–05.

Decided Sept. 10, 2001.

Kevin J. Boissoneault and Bonnie E. Haims, for appellant.

Keith J. Watkins, for appellee Westfield Insurance Company.

WALTERS, Presiding Judge.

{¶ 1} Appellant, Joyce Reinbolt, guardian of the estate of Justin Reinbolt, brings this appeal from a decision of the Court of Common Pleas of Henry County granting summary judgment in favor of appellee, Westfield Insurance Company. For the reasons that follow, we affirm the judgment.

{¶ 2} The facts of this case are not in dispute. On June 2, 1999, Justin Reinbolt was seriously injured while a passenger in a motor vehicle. At the time of the accident, Reinbolt was employed by Northwest Landscape Service, a sole proprietorship owned and operated by Ronald Foor. Reinbolt was occupying a friend's vehicle and was not acting in the scope of his employment during the

accident. Appellee, Westfield Insurance Company, pursuant to the terms of policy number CWP 3706693, provided commercial insurance coverage to Reinbolt's employer, including business auto, uninsured/underinsured motorist, and umbrella coverage. The named insured under the policy is "Ronald Foor dba Northwest Landscape Service." Appellant joined appellee in the underlying action, asserting that Reinbolt is an insured under the policy and is entitled to the policy limits of the uninsured/underinsured coverage to the extent of his damages.

{¶ 3} Appellee filed a motion for summary judgment on February 15, 2001, asserting that Reinbolt was not an insured under the terms of the policy. Appellant submitted a memorandum in opposition and a cross-motion for partial summary judgment on the issue of coverage. On March 15, 2001, the trial court denied appellant's motion and granted appellee's motion. A nunc pro tunc entry was filed on March 27, 2001, making the previous judgment a final appealable order. This timely appeal followed.

{¶ 4} Appellant presents the following single assignment of error:

### Assignment of Error

{¶ 5} "Under Ohio law, the trial court erred when it denied Plaintiff–Appellant's cross-motion for partial summary judgment and granted Defendant–Appellee's motion for summary judgment finding that Plaintiff–Appellant, Justin Reinbolt, did not qualify as an insured pursuant to the terms of his employer, Northwest Landscape Service's, policy of insurance."

{¶ 6} Appellant argues that pursuant to the Ohio Supreme Court's decision in *Scott–Pontzer v. Liberty Mut. Ins. Co.,* infra, Justin Reinbolt is an insured under appellee's commercial insurance policy. Appellee contends that this case is factually distinguishable and coverage should not be extended to Reinbolt.

{¶ 7} As a threshold matter, we set forth the standard of review. In considering an appeal from a summary judgment, we review the summary judgment independently and without giving deference to the trial court's determination.[1] Instead, we apply the same standard for summary judgment used by the trial court.[2]

{¶ 8} Summary judgment is appropriate when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) construing the evidence

---

1. *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388.

2. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411.

most strongly in favor of the nonmoving party, it appears that reasonable minds could only conclude in favor of the moving party.[3] The initial burden lies with the movant to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.[4] Once the movant has satisfied this burden, the burden shifts to the nonmovant to set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial.[5]

{¶ 9} The outcome of the case at bar is dependent upon the interpretation of the terms of the insurance contract. It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature.[6] Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed."[7] "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."[8] However, where the intent of the parties to a contract is evident from the clear and unambiguous language used, a court must not read into the contract a meaning not contemplated or placed there by an act of the parties to the contract.[9]

{¶ 10} *Scott–Pontzer* involved a commercial insurance coverage policy issued to a corporation, Superior Dairy, Inc., by Liberty Mutual Fire Insurance Company.[10] The plaintiff, Kathryn Scott Pontzer, asserted a right to underinsured motorist coverage under the Liberty Mutual policy after her husband, an

3. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196.

4. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

5. Id.

6. *Nationwide Mut. Ins. Co. v. Marsh* (1984), 15 Ohio St.3d 107, 109, 15 OBR 261, 472 N.E.2d 1061.

7. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 211, 519 N.E.2d 1380; *Dealers Dairy Products Co. v. Royal Ins. Co.* (1960), 170 Ohio St. 336, 10 O.O.2d 424, 164 N.E.2d 745, paragraph one of the syllabus.

8. *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus (citations omitted).

9. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 168, 24 O.O.3d 274, 436 N.E.2d 1347; *Weiker v. Motorists Mut. Ins. Co.* (1998), 82 Ohio St.3d 182, 185, 694 N.E.2d 966.

10. *Scott–Pontzer v. Liberty Mut. Ins. Co.* (1999), 85 Ohio St.3d 660, 661, 710 N.E.2d 1116.

employee of Superior Dairy, died in an automobile accident.[11]  The Liberty Mutual policy defined the insured as "you" and "if you are an individual, any family member."[12]  Liberty Mutual argued that "you" referred only to the named insured, Superior Dairy, and not to Superior Dairy's employees including plaintiff's husband.[13]  However, based on the fact that the insured was a corporation, the Ohio Supreme Court found the term "you" to be ambiguous.[14] The court stated that "[i]t would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle."[15]  Therefore, confronted with ambiguous insurance policy language, the court "construed [the language] most favorably to the insured" and found that the plaintiff's husband was an insured under his employer's policy.[16]

{¶ 11}  Upon concluding that the plaintiff's husband was an "insured" under the Liberty Mutual policy, the court turned to the question of whether he would still be entitled to coverage despite the fact that he was not acting within the scope of his employment at Superior Dairy when he was killed in the automobile accident.[17]  The court noted that the Liberty Mutual policy did not contain any language that made coverage contingent upon employees acting within the scope of their employment.[18]  Quoting a previous decision, the court stated that " '[in] the construction of insurance contracts, "[w]here exceptions, qualifications or exemptions are introduced into an insurance contact, a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." ' "[19]  Accordingly, the Ohio Supreme Court held that in the absence of contract language restricting coverage to employees who were acting within the scope of their employment, no such

---

11.  Id.

12.  Id. at 663–664, 710 N.E.2d 1116.

13.  Id. at 664, 710 N.E.2d 1116.

14.  Id.

15.  Id.

16.  Id. at 665, 710 N.E.2d 1116.

17.  Id. at 665–666, 710 N.E.2d 1116.

18.  Id.

19.  Id., quoting *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 214, 519 N.E.2d 1380 (citation omitted).

restriction would be read into the policy.[20] Therefore, the plaintiff was entitled to the underinsured motorist benefits under the Liberty Mutual policy.

{¶ 12} Appellant argues that *Scott–Pontzer* stands for the proposition that underinsured motorist coverage "is included in the commercial automobile insurance policies issued to *any type of employer* which defines its insureds as 'you' or 'if you are an individual, any family member.' " (Emphasis added.) We do not agree.

{¶ 13} A scrupulous reading of the *Scott–Pontzer* decision reveals nothing that mandates automatic coverage where a business insurance policy incorporates the aforementioned definition of "you." In fact, the court's rationale was based upon several interdependent analytical steps. Only in the face of an ambiguity permitting inclusion of the plaintiff as an insured was the court able to reach the coverage terms of the policy. To find that ambiguity, the court specifically compared the policy's definition of "you" with Ohio's definition of corporate entities. Therefore, we must first determine whether Justin Reinbolt is an insured under the subject policy.

{¶ 14} In this case, appellee's Commercial Insurance Coverage Policy number CWP 3706693 contains commercial auto, including uninsured/underinsured motorist coverages, and umbrella coverage. Appellant contends that Reinbolt is an insured under both policies and is entitled to the policy limits of the uninsured/underinsured coverage to the extent of his damages. The named insured throughout the policies is "Ronald Foor dba Northwest Landscape Service." "Named insured" is further defined in the common policy declarations as an "individual."

{¶ 15} Relying in part upon the recent case of *Leeann Johnson v. State Farm Ins. Co.*,[21] an unreported decision from the Court of Common Pleas of Cuyahoga County, appellant asserts that naming the insured, "Ronald Foor dba Northwest Landscape Service," when the insured is designated an "individual," created an ambiguity as to who is an insured under appellee's policy. Appellant further contends that Ronald Foor and Northwest Landscape Service should be considered separate insureds. In spite of the fact that *Leeann* is of no precedential value to this court, the facts of *Leeann* and the authority cited therein are distinguishable in that partnerships and corporations were the named insured in those underlying policies.[22] Furthermore, while a partnership analysis is analo-

---

20. Id.

21. *Johnson v. State Farm Ins. Co.* (Mar. 1, 2001), Cuyahoga C.P. No. 408866.

22. Id., citing *Kiggins v. Allstate Ins. Co.* (Sept. 27, 1994), Franklin App. No. 94APE02–219, 1994 WL 530291; *Weddle v. Hayes* (Sept. 5, 1997), Belmont App. No. 96–BA–44, 1997 WL 567964. See also, *Sebastiano v. Bishop* (Sept. 19, 1997), Ottawa App. No. OT–97–003.

gous to a corporate analysis, it is not analogous to a proprietorship analysis. Our research discloses no other court having considered the identical issue presented herein.

{¶ 16} In making the determination of whether the policy language is ambiguous, we must generally give words and phrases their plain, ordinary, natural, or commonly accepted meaning.[23] Furthermore, it is well settled that insurance contracts incorporate existing law.[24]

{¶ 17} In *Patterson v. V. & M Auto Body*, the Supreme Court of Ohio defined a sole proprietorship as follows:

{¶ 18} "A sole proprietorship has no legal identity separate from that of the individual who owns it. It may do business under a fictitious name if it chooses, but '* * * [d]oing business under another name does not create an entity distinct from the person operating the business. The individual who *does business as* a sole proprietor under one or several names *remains one person* * * *' "[25] (Emphasis added.)

{¶ 19} This definition is straightforward. Unlike a corporation, partnership, or other entities, Ronald Foor and Northwest Landscape Service "remain one person" even though Ronald Foor "does business as" Northwest Landscape Service. Northwest Landscape Service is a legal nonentity, merely the name under which Ronald Foor does business, having no separate legal identity from, and being synonymous with, Ronald Foor. Therefore, we proceed to determine whether an ambiguity arises when the term is considered in conjunction with other provisions.

{¶ 20} Appellee's commercial auto policy defines "who is insured" for purposes of medical payments coverage under paragraph B:

{¶ 21} "1. You while 'occupying' or, while a pedestrian, when struck by any 'auto.'

{¶ 22} "2. If you are an individual, any 'family member' while 'occupying' or, while a pedestrian, when struck by an 'auto.'

---

23. *Gomolka v. State Auto. Mut. Ins. Co.* (1982), 70 Ohio St.2d 166, 167–168, 24 O.O.3d 274, 436 N.E.2d 1347; *Weiker v. Motorists Mut. Ins. Co.* (1998), 82 Ohio St.3d 182, 185, 694 N.E.2d 966.

24. *Home Indemn. Co. of New York v. Plymouth* (1945), 146 Ohio St. 96, 102, 32 O.O. 30, 64 N.E.2d 248.

25. *Patterson v. V & M Auto Body* (1992), 63 Ohio St.3d 573, 574–575, 589 N.E.2d 1306, quoting *Duval v. Midwest Auto City, Inc.* (D.Neb.1977), 425 F.Supp. 1381, 1387.

{¶ 23} "3. Anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.' The covered 'auto' must be out of service because of its breakdown, repair, servicing, loss or destruction."

{¶ 24} The commercial umbrella policy defines "who is an insured" under Section II:

{¶ 25} "1. If you are designated in the declarations as:

{¶ 26} "a. An individual, you and your spouse are insureds but only in connection with the conduct of the business of which you are the sole owner.

{¶ 27} "b. A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insured but only in connection with the conduct of your business.

{¶ 28} "c. A limited liability company, you are insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

{¶ 29} "d. An organization other than a partnership, joint venture or limited liability company, you are insured. Your 'executive officers' and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as shareholders."

{¶ 30} Inasmuch as Ohio law does not recognize a sole proprietorship as a separate legal entity, but as a single individual, no ambiguity arises when the declaration page is read in conjunction with the provisions contemplating coverage for an individual. The named insured is entirely consistent with the definitions of "who is an insured" in both the business auto and umbrella coverage provisions. We therefore find that the intent of the parties is evident from the policy's clear and unambiguous language and will not read into the contract a meaning not contemplated or placed therein by the parties. Justin Reinbolt is clearly excluded from coverage under the insurance contract provisions. As a result of the foregoing, appellant's assignment of error is not well taken and is therefore overruled.

{¶ 31} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.

Judgment affirmed.

SHAW and HADLEY, JJ., concur.