OPINION
This appeal is brought by Appellant Ohio Mutual Insurance Company from the judgment of the Court of Common Pleas, Crawford County, granting summary judgment to Appellee Travelers Indemnity Company of Illinois.
The facts of this case are not in dispute. On September 3, 1999 Angela J. Massey, while negligently driving an automobile owned by Charles E. Howard, Jr., collided with an automobile driven and owned by Appellee Sue Reinbolt. At the time of the accident Reinbolt was employed by Country Club Acres, Inc. but was not operating a company owned vehicle nor acting in the scope of that employment. On May 3, 2001, Reinbolt filed suit in the Crawford County Court of Common Pleas naming Massey, Howard, Ohio Mutual Insurance Co. (OMI) and Travelers Indemnity Company of Illinois (Travelers) as defendants.
In her complaint, Reinbolt alleged that defendant Massey, while negligently operating a motor vehicle owned by defendant Howard, caused her to sustain injuries. The complaint further alleged that Massey and Howard were uninsured or underinsured. Therefore, Reinbolt asserted claims for uninsured/underinsured motorist (UM/UIM) coverage through her policy with appellant-defendant OMI and through her employer's policy with appellee-defendant Travelers.
Travelers filed a motion for summary judgment on January 14, 2001 arguing that pursuant to the terms of its policy with Reinbolt's employer, Country Club Acres, Inc., Reinbolt was not an insured and therefore not eligible for UM/UIM coverage. The trial court agreed and granted Travelers' motion for summary judgment on March 20, 2002. It is from this order that Appellant now appeals.
Appellant raises the following assignment of error:
 "The granting of summary judgment was based upon a finding that is contrary to the evidence."
Initially, we point out that Appellant's sole assignment of error is more of an argument than an assignment of error. It is unclear from the face of the assignment of error whether Appellant assigns error to the trial court's methods or end result. In the interests of justice, we shall construe Appellant's sole assignment of error to allege that the trial court erred to the prejudice of the Appellant when it granted summary judgment in favor of the Appellee because said order was based upon a finding that is contrary to the evidence. For the following reasons, we find Appellant's argument to be well taken.
An appellate court reviews the grant of a motion for summary judgment independently and does not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720,681 N.E.2d 1388. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. FirestoneTire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686-687, 1995-Ohio-286. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 1996-Ohio-107.
Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Id. at 293. The non-moving party is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
It is well settled that an insurance policy is a contract and that the relationship between the insured and the insurer is purely contractual in nature. Nationwide Mut. Ins. Co. v. Marsh (1984), 15 Ohio St.3d 107,109, 472 N.E.2d 1061. Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." Dealers Dairy Products Co. v. Royal Ins. Co. (1960), 170 Ohio St. 336, paragraph one of the syllabus. "Where provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, syllabus.
In Scott-Pontzer v. Liberty Mutual Ins. Co. (1999), 85 Ohio St.3d 660,661 the Ohio Supreme Court held that where a commercial auto policy issued to a corporation defined the named insured as "you" and "[i]f you are an individual, any family member," the policy language was ambiguous and therefore was construed as extending insured status to the corporation's employees. Id. at 665. The court determined that it would be meaningless to limit protection solely to a corporate entity, which cannot occupy or operate an automobile or suffer bodily injury or death.Id. at 664.
Appellant argues that pursuant to the Ohio Supreme Court's decision inScott-Pontzer, Sue Reinbolt is an insured under Appellee Travelers' commercial insurance policy purchased by Reinbolt's employer. The parties do not dispute that the Travelers' Commercial Auto Policy defines an insured in the same manner as the policy in Scott-Pontzer. Rather, Travelers contends that the facts of this matter distinguish it fromScott-Pontzer.
In its motion for summary judgment, Travelers pointed out a policy endorsement entitled "Drive Other Car Coverage-Broadened Coverage for Named Individuals" and argued that the provision eliminated any ambiguity within the Travelers policy definition of an insured. Appellant responded to this motion by correctly pointing out that this endorsement was not in effect on the date of the accident and therefore had no bearing. Subsequently, Travelers filed a reply explaining that the date of the provision had been overlooked and then proceeded to advance a different argument in support of their motion for summary judgment.
This time, Travelers insisted that their policy definition of an insured was not ambiguous based on a case recently decided by this court, Reinbolt v. Gloor (2001), 146 Ohio App.3d 661, 2001-Ohio-2224,767 N.E.2d 1197, in which we determined that "[i]nasmuch as Ohio law does not recognize a sole proprietorship as a separate legal entity, but as a single individual, no ambiguity arises when the declaration page is read in conjunction with the provisions contemplating coverage for an individual." Travelers submits this same argument in response to Appellant's appeal. For the forgoing reasons, we find that Reinbolt v.Gloor is inapplicable to the case at bar.
The declaration page of the Travelers Commercial Auto Policy in question identifies the named insured as, "Country Club Acres, Inc." However, an endorsement in the policy amends the declared insured to include eleven additional entities: James C. Koehler d.b.a. Koehler Brothers, Sole Proprietorship; Koehler Brothers, Inc.; Tiffin Avenue Investors; James C. Koehler Reality, Inc.; Findlay Hillcrest Golf Course, Inc.; KVA, Inc.; KVA Associates; KCK Partnership; Chubb Construction Company, Inc.; High Quality Plastics, Inc. and Bearcat Industries, Inc. Travelers asserts that because one of the above entities is a sole proprietorship, pursuant to our holding in Reinbolt v. Gloor, any possible ambiguity in the contract is cured. We disagree.
The Reinbolt v. Gloor holding was predicated upon the conclusion that where a named insured does business as some other name, that business name does not take on a separate legal identity but rather remains synonymous with the sole proprietor. When an insurance contract states that the named insured is John Smith d.b.a. Smiths, the "d.b.a." operates only to further identify John Smith. Thus, an ambiguity does not arise where an insured is defined as "you."
Unlike the policy in Reinbolt v. Gloor, the Travelers policy lists twelve different insureds to include several corporations, a partnership, an association, and James C. Koehler, a sole proprietor. While there is nothing ambiguous about who is an insured within the sole proprietorship, an ambiguity arises with respect to whom the UM/UIM coverage extends within the eleven other entities. One possible interpretation is that the coverage flows to the employees of those entities. "Language in a contract of insurance reasonably susceptible of more than one meaning will be construed liberally in favor of the insured and strictly against the insurer." Faruque v. Provident Life Acc.Ins. Co. (1987), 31 Ohio St.3d 34, 508 N.E.2d 949, syllabus. Thus, construing the policy language in favor of the insured, we conclude that Sue Reinbolt was an insured for purposes of UM/UIM coverage under the Commercial Auto Policy issued by Travelers to her employer, Country Club Acres, Inc. Accordingly, Appellee Travelers Indemnity Company of Illinois is not entitled to a judgment as a matter of law. Summary Judgment is therefore not proper.
For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Crawford County is REVERSED and REMANDED
for further action in accordance with this opinion.
Judgment reversed.
SHAW, PJ., and HADLEY, J., concur.