OPINION
{¶ 1} This is an appeal from a decision of the Common Pleas Court of Mercer County, Ohio, granting summary judgment in favor the defendant-appellee, Kyle D. Vagedes.
 {¶ 2} The general facts of the case are as follows: On August 2, 2001, Vagedes was driving east on Boundary Street in Fort Recovery, Ohio, when he initiated his left turn signal in order to turn left across Boundary Street into the Old Fort IGA (hereinafter "IGA") grocery store. Initially, Vagedes could not make a left turn into the IGA because a semi-tractor trailer (hereinafter "semi-truck") was blocking the entrance.[1]
 {¶ 3} Dolores Hemmelgarn was a pedestrian who was attempting to cross Boundary Street after exiting the IGA. Hemmelgarn was also waiting for the semi-truck to move so that she could cross Boundary Street. Once the semi-truck pulled forward, Vagedes initiated his left turn into the IGA parking at the same time Hemmelgarn attempted to cross Boundary Street. As a result, Vagedes' vehicle and Hemmelgarn collided, and Hemmelgarn was injured. It should be noted that both Vagedes and Hemmelgarn testified in a deposition that they did not see each other prior to the collision, and there was only one eye witness to the crash.
 {¶ 4} Hemmelgarn stated in her deposition that she did not remember the crash. Nevertheless, Hemmelgarn recalled that after the semi-truck passed in front of her, she looked both ways to cross the street prior to the collision. She could not remember why she crossed in the middle of Boundary Street as opposed to at the intersection, but she testified that she took approximately two or three steps once the semi-truck passed before she was injured. Finally, Hemmelgarn could not remember if she was in the street or on the sidewalk before attempting to walk across Boundary Street prior to the collision.
 {¶ 5} Vagedes testified in his deposition that he initiated his turn signal prior to making the left turn across Boundary Street into the IGA parking lot. Vagedes recalled that once the semi-truck moved forward, he began to make the left turn and was traveling less than ten m.p.h. Vagedes stated that he did not see Hemmelgarn until they collided. He recalled that the collision took place approximately in the middle of the street. Furthermore, Vagedes testified that there were two large dents on his vehicle's hood — one almost in the front and the other in the front-passenger side of the vehicle.
 {¶ 6} The only eye-witness, Diane Langenkamp, was walking from her parked car in the IGA parking lot to the IGA entrance when she saw the collision. Langenkamp stated that she initially saw Hemmelgarn in the street, standing very close to the rear of a parked pick-up truck. Langenkamp testified that Hemmelgarn's body was at an angle, i.e. she was not preparing to directly cross Boundary Street from north to south; rather she was planning on crossing Boundary Street at an angle from northwest to southeast. Langenkamp noted that Hemmelgarn took two or three steps before the collision occurred. Furthermore, Langenkamp recalled that Vagedes was in the initial part of his left turn into the IGA parking lot when the collision occurred. In other words, Langenkamp stated that Vagedes' vehicle was not facing the IGA parking lot and that most of his truck was still in the eastbound lane, which resulted in the collision occurring approximately in the middle of Boundary Street.
 {¶ 7} Immediately after the collision, Langenkamp ran inside the IGA and informed a clerk to call an ambulance. Then, she rushed over to where the collision occurred. Langenkamp recalled seeing a dent on the left driver-side area of Vagedes' vehicle. Furthermore, Langenkamp testified that she heard emmelgarn tell Vagedes that "she was sorry that she stepped out in front of him." Langenkamp Dep. at p. 24. The Chief of Police for Fort Recovery, Margaret Hartings, also testified in a deposition that Hemmelgarn told her that "[Hemmelgarn] didn't mean to walk out in front of [Vagedes]." Hartings Dep. at p. 30. Chief Hartings also stated that neither Vagedes nor Hemmelgarn were cited as a result of the collision; however, in her opinion, Hemmelgarn's attempt to improperly cross Boundary Street was a contributing factor to the collision. Id. at 47. Finally, it should be noted that Hemmelgarn hired a accident reconstructionist, and after reviewing the police report as well as the depositions of Hemmelgarn, Vagedes, and Langenkamp, the reconstructionist concluded that Vagedes "would have had ample time to see, and distance to avoid" Hemmelgarn after the semi-truck passed prior to the collision.
 {¶ 8} Hemmelgarn alleges as her sole cause of action against Vagedes that he "operated his vehicle in a negligent and/or reckless manner [and] breached his duty to [her] to operate his motor vehicle in a safe and competent manner with due regard for [her] safety." Complaint at ¶ 9. Furthermore, Hemmelgarn alleges that as a direct and proximate cause of Vagedes' negligence, she was injured. In his answer, Vagedes alleges that Hemmelgarn was negligent, and, as a result of her own negligence, she was the sole and proximate cause of her injuries. Vagedes also alleges that Hemmelgarn assumed the risk of those injuries.
 {¶ 9} In April 2004, Vagedes filed a motion for summary judgment, which the trial court granted on August 31, 2004. Hemmelgarn appeals alleging two assignments of error. For the sake of judicial economy, we will discuss both assignments of error together.
The trial court erred by granting defendant-appellee's motion forsummary judgment as a matter of law because genuine issues of materialfact exist from which reasonable minds could conclude thatdefendant-appellee was not operating his motor vehicle in a lawful mannerwhen he collided head on with plaintiff-appellant, doloris hemmelgarn.
 The trial court erred by granting defendant-appellee's motion forsummary judgment because genuine issues of material fact exist from whichreasonable minds could conclude that plaintiff-appellee [sic] was not perse negligent when she was struck by the defendant-appellee.
 {¶ 10} The standard for review of a grant of summary judgment is one of de novo review. Lorain Nat'l Bank v. Saratoga Apts. (1989),61 Ohio St.3d 127, 129, 572 N.E.2d 198. Thus, such a grant will be affirmed only where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). In addition, "summary judgment shall not be rendered unless it appears . . . that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence construed most strongly in his favor." Id.
 {¶ 11} The moving party may make his motion for summary judgment in his favor "with or without supporting affidavits[.]" CivR. 56(B). However, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. Summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. Murphy v. Reynoldsburg
(1992), 65 Ohio St.3d 356, 360, 604 N.E.2d 138. Once the moving party demonstrates that he is entitled to summary judgment, the burden then shifts to the non-moving party to show why summary judgment in favor of the moving party should not be had. See Civ.R. 56(E). In fact, "[i]f he does not so respond, summary judgment, if appropriate, shall be rendered against him." Id.
 {¶ 12} To defeat a motion for summary judgment filed by a defendant in a negligence action, we have previously stated:
the plaintiff must identify a duty, or duties, owed him by thedefendant, and the evidence must be sufficient, considered most favorablyto the plaintiff, to allow reasonable minds to infer that a specific dutywas breached, that the breach of duty was the proximate cause ofplaintiff's injury, and that plaintiff was injured.
 Mowery v. McCracken (Aug. 31, 1987), 3rd Dist. No. 5-85-33, 1987 WL 16262, at *2 (internal citations and quotations omitted). Moreover, we have also held that in a comparative negligence action, if the trial court can make any one of the following determinations as a matter of law, then summary judgment may be appropriate: (1) the defendant was not negligent; or (2) the defendant's negligence, if any, was not the proximate cause of plaintiff's injury (such as where the plaintiff's own negligence was the sole proximate cause of the injury); or (3) the plaintiff's own negligence (considering factors of assumption of the risk, if any), outweighed any of the defendant's negligence. Id. at *3.
 {¶ 13} In reaching our determination in the instant case, we must review the Ohio traffic laws relevant to this situation. R.C. 4511.39
states:
No person shall turn a vehicl . . . or move right or left upon ahighway unless and until such person has exercised due care to ascertainthat the movement can be made with reasonable safety nor without givingan appropriate signal in the manner hereinafter provided.
 When required, a signal of intention to turn or move right or leftshall be given continuously during not less than the last one hundredfeet traveled by the vehicle . . . before turning.
R.C. 4511.39. Furthermore, R.C. 4511.48 states, in relevant part:
(A) Every pedestrian crossing a roadway at any point other than withina marked crosswalk or within an unmarked crosswalk at an intersectionshall yield the right of way to all vehicles . . . upon the roadway.
 (B) No pedestrian shall cross a roadway intersection diagonally unlessauthorized by official traffic control devices;
 (C) This section does not relieve the operator of a vehicle . . . fromexercising due care to avoid colliding with any pedestrian upon anyroadway.
R.C. 4511.48(A), (D), and (E).
 {¶ 14} Viewing the evidence in a light most favorable to Hemmelgarn, it is our determination that reasonable minds could only come to the following factual conclusions: Prior to making the left-turn into the IGA parking lot, Vagedes properly initiated his left-turn signal and was not traveling at an unreasonable rate of speed. Furthermore, both Hemmelgarn and Vagedes were waiting for the semi-truck to pass prior to the collision and because Hemmelgarn does not recall exactly where she was located prior to the collision — i.e. standing on Boundary Street or on the sidewalk in front of the IGA — the only evidence in this case as to her position are the statements of Vagedes and Langenkamp. Langenkamp testified that Hemmelgarn was standing on Boundary Street by the rear of a parked pick-up truck prior to the collision. She further stated that the collision occurred approximately in the middle of Boundary Street, which was confirmed by Vagedes. Moreover, because Hemmelgarn took approximately one or two steps after the semi-truck passed and the collision occurred approximately in the middle of Boundary Street, then Hemmelgarn must have been standing on Boundary Street preparing to cross outside the street outside a marked crosswalk or at an intersection. Accordingly, based on the only evidence in the record, reasonable minds could not differ in concluding that (1) Hemmelgarn was not crossing the street within a marked crosswalk or intersection, and (2) Vagedes was operating his vehicle with the necessary due care required by R.C. 4511.39
and 4511.48(E).
 {¶ 15} In sum, applying the applicable traffic laws and summary judgment standards to the record, we conclude, as a matter of law, that the undisputed facts indicate that Vagedes' negligence, if any, were not the proximate cause of Hemmelgarn's injury. Moreover, assuming some degree of negligence on the part of Vagedes (which the evidence does not indicate), reasonable minds could only conclude that Hemmelgarn's negligence outweighed any of Vagedes' negligence. See, Mowery, supra.
 {¶ 16} Based upon the foregoing analysis, we find that there is no genuine issue as to any material fact. The first and second assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Rogers, J., concur.
[1] The semi-truck was heading westbound on Boundary Street and was waiting in line at a stop sign.