JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Milhelm Abounader (appellant) appeals the court's granting summary judgment to defendant Elaine Gohlstin (appellee) on his personal injury claim. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On December 22, 2003, appellant walked across Cedar Road, a four-lane major street running east and west through Cleveland's east side. Before appellant crossed the street, he looked both ways and saw no oncoming traffic. However, it was dark outside and he was wearing dark clothing. The portion of Cedar Road that appellant crossed was in between Stillman and Coventry roads. He did not use one of the designated marked crosswalks located at either intersection, 310 and 170 feet away from his crossing point, respectively.
 {¶ 3} At approximately the same time appellant crossed the street, appellee pulled out of her driveway located on Cedar Road. Appellee was driving forward with her headlights on, attempting to make a left turn heading east onto Cedar Road. Appellee waited until the oncoming traffic passed before pulling out of her driveway. Immediately after entering Cedar Road, appellee heard a thump, stopped her car and got out to see what had happened. Appellee walked around to the front of her vehicle, saw appellant lying on the ground near the curb and realized she had hit him.
 {¶ 4} Appellant suffered injuries from the collision, including a broken leg, and on December 21, 2004, he filed a complaint for negligence. On November 23, 2005, the court granted appellee's summary judgment motion, stating, "there is no genuine issue of material fact as defendant owed plaintiff no duty in the captioned matter. As such, no duty to the plaintiff was breached by the defendant."
 II. {¶ 5} In his sole assignment of error, appellant argues that "the trial court erred in granting summary judgment to defendant where appellee clearly owed a duty to exercise ordinary care and where [a] genuine issue of material fact exist[s], at a minimum as to whether defendant was negligent and whether defendant's negligence was the proximate cause of plaintiff's injuries." Specifically, appellant argues that appellee did in fact owe him a duty of care pursuant to R.C. 4511.48, 4511.44, 4511.25 and4511.21;[1] and that she breached this duty by failing to exercise reasonable care when she pulled out of her driveway onto Cedar Road.
 {¶ 6} Appellate review of granting summary judgment is de novo. Pursuant to Civ.R. 56(C), the party seeking summary judgment must prove that 1) there is no genuine issue of material fact; 2) they are entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280. A successful negligence claim requires a plaintiff to prove 1) the defendant owed him a duty of care; 2) the defendant breached the duty of care; and 3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Texler v. D.O. Summers Cleaners Shirt LaundryCo. (1998), 81 Ohio St.3d 677.
 {¶ 7} The pertinent parts of the Ohio Revised Code that appellant uses to support his theory of negligence are as follows:
R.C. 4511.48
 "(A) Every pedestrian crossing a roadway at any point otherthan within a marked crosswalk or within an unmarked crosswalk atan intersection shall yield the right of way to all vehicles* * * upon the roadway. * * * (C) Between adjacent intersectionsat which traffic control signals are in operation, pedestriansshall not cross at any place except in a marked crosswalk.* * * (E) This section does not relieve the operator of a vehicle* * * from exercising due care to avoid colliding with anypedestrian upon any roadway."
 R.C. 4511.44 (right of way; vehicles entering highway fromprivate driveway)
 "(A) The operator of a vehicle * * * about to enter or cross ahighway from any place other than another roadway shall yield theright of way to all traffic approaching on the roadway to beentered or crossed."
 R.C. 4511.25
 "(A) Upon all roadways * * * a vehicle * * * shall be drivenupon the right * * *."
 {¶ 8} In the instant case, appellant argues that appellee was not yet "upon the roadway," pursuant to R.C. 4511.48(A), as she was still in her driveway when he began crossing Cedar Road; therefore, this statute does not apply to him and he had no duty to yield to her. Furthermore, appellant argues that although he walked outside a crosswalk in violation of R.C. 4511.48(C), this does not relieve appellee's duty to use reasonable care to avoid hitting him, mandated by R.C. 4511.48(E), 4511.44(A) and4511.25(A).
 {¶ 9} We find no support for appellant's argument that appellee was not "upon the roadway" under the facts of this case. The collision occurred upon the roadway, ergo, both appellant and appellee's vehicle were on the roadway at the time of the collision. R.C. 4511.48(A) does apply to the situation at hand. Furthermore, R.C. 4511.25(A)(1) states that an exception to the rule that all vehicles should be driven on the right side of the road is while a vehicle is making a left-hand turn.
 {¶ 10} Appellant additionally argues that according to Hicksv. Schaefer (June 4, 1998), Cuyahoga App. No. 72788, summary judgment in the instant case was improper. In Hicks, factual issues existed that precluded summary judgment and presented a question for the jury. Specifically, the parties disagreed as to whether the plaintiff was walking or riding his bicycle; whether he went the right or wrong way on a one-way street; whether he failed to stop at a stop sign and/or failed to yield to the defendant's vehicle; and whether the defendant would have seen the plaintiff, thus avoiding the collision, had she looked to the left. In summary, we found that the Hicks court erred because "there was conflicting evidence concerning what occurred and who was responsible for the collision."
 {¶ 11} Hicks can easily be distinguished from the instant case, in that there are no factual disputes in the record of the case at hand. Both parties claim essentially the same set of facts — appellant walked across Cedar Road outside of a crosswalk at night and appellee pulled forward out of her driveway to turn left onto Cedar Road, colliding with appellant. The question in the instant case is a matter of law — did appellant owe appellee a duty of care? See, e.g., Mussivand v. David (1989),45 Ohio St.3d 314, 318. Without a duty there is no legal liability, and summary judgment for a defendant is proper. See, Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 142.
 {¶ 12} We find the instant case analogous to Hawkins v.Shell (June 14, 1998), Cuyahoga App. No. 72788. In Hawkins, we held that "a driver need not look for vehicles or pedestrians violating his right of way." (Citing Lumaye v. Johnson (1992),80 Ohio App.3d 141.) See, also, Deming v. Osinski (1970), 24 Ohio St.2d 179, 180 (holding that "[o]rdinarily, one need not look for danger unless there is a reason to expect it"). The following passage from Hawkins details our holding:
"Thus, the statutory and case law indicates that a driverproceeding lawfully on a roadway has no duty to look for dangerunless there is a reason to expect it. However, once a dangerousor a perilous situation is encountered, the driver must exercisedue care to avoid colliding with any pedestrian upon theroadway.
 The trial court, in the instant case, correctly found thatdefendant did not violate any duties of care or `do anythingwrong.' Defendant was traveling down a street she was familiarwith, while it was light out, within the speed limit. There is noreason for defendant to expect a pedestrian would be walkingacross a busy four lane street, 120 feet from the nearestcrosswalk. In addition, the record fails to indicate defendantwas not paying attention, that she was distracted by something,or that she failed to exercise due care."
 {¶ 13} In the instant case, appellant's violation of R.C.4511.48 amounts to negligence per se. See, Franklin v. Reed
(Aug. 22, 1996), Cuyahoga App. No. 69800. Furthermore, appellee had no reason to expect that a pedestrian would cross Cedar Road in front of her driveway, 310 and 170 feet away from two marked crosswalks. Nothing in the record indicates that had appellee done something differently, she would have seen and, thus, avoided appellant.
 {¶ 14} Accordingly, we find that the court did not err by granting summary judgment to appellee based on her owing no duty to appellant under the facts of this case. Appellant's first assignment of error is overruled.
 {¶ 15} Appellee presents three cross-assignments of error; however, because we overruled appellant's assignment of error, the cross-assignments of error are moot and will not be discussed per App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Rocco, J., concur.
[1] Appellant lists R.C. 4511.21, which governs speed limits, as authority in his brief, but does not use the statute as support for his argument.