OPINION
{¶ 1} Plaintiff-appellant Edith Cottrill (hereinafter "Cottrill") appeals the judgment of the Marion County Court of Common Pleas granting summary judgment in favor of defendant-appellee Ryan Knaul (hereinafter "Knaul"). For reasons explained herein, we affirm.
 {¶ 2} On June 5, 2003, Cottrill was crossing Main Street in downtown Marion, Ohio when she was struck by Knaul's vehicle. On May 31, 2005, Cottrill filed a complaint in the Marion County Court of Common Pleas alleging that Knaul negligently struck her causing, among other things, severe and permanent injuries.
 {¶ 3} On September 14, 2006, Knaul filed a motion for summary judgment pursuant to Civ.R. 56(C). On January 30, 2007, the trial court granted the motion.
 {¶ 4} Cottrill appeals the trial court's granting of summary judgment to this court asserting one assignment of error.
 {¶ 5} We review a grant of summary judgment de novo. Doe v.Shaffer, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243, citingGrafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N .E.2d 241. Summary judgment is appropriate when "(1.) there is no genuine issue of material fact; (2.) the moving party is entitled to *Page 3 
judgment as a matter of law; and (3.) it appears from the evidence that reasonable minds can come to but one conclusion when viewing the evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." Grafton, 77 Ohio St.3d at 105, citing State ex.rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 219, 631 N.E.2d 150; Civ.R. 56(C).
 {¶ 6} To overcome a motion for summary judgment filed by a defendant in a negligence cause of action, plaintiff must show that when the evidence is considered most favorably to plaintiff: (1) defendant owed him a duty; (2) the evidence is sufficient to allow reasonable minds to infer that the duty was breached; (3) plaintiff was injured; and (4) the breach of duty was the proximate cause of plaintiff's injury.Hemmelgarn v. Vagedes, 3d Dist. No. 10-04-14, 2005-Ohio-673, ¶ 12, citing Mowery v. McCracken (Aug. 31, 1987), 3d Dist. No. 5-85-33,1987 WL 16262, at *2.
 {¶ 7} In a comparative negligence action, if the trial court can make any one of the following determinations as a matter of law, then summary judgment may be appropriate: (1) the defendant was not negligent; or (2) the defendant's negligence, if any, was not the proximate cause of plaintiff's injury; or (3) the plaintiff's own negligence outweighed any of the defendant's negligence. Vagedes, 2005-Ohio-673, at ¶ 12, citingMowery (Aug. 31, 1987), 3d Dist. No. 5-85-33, at *2.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT FOUND INCORRECTLY THAT REASONABLE MINDS MUST CONCLUDE THAT APPELLEE *Page 4 KNAUL OWED NO DUTY TO EDITH COTTRILL WHEN THE UNCONTRADICTED TESTIMONY DEMONSTRATES THAT AN [SIC] ANOTHER MOTORIST IN AN ADJACENT LANE SAWS [SIC] HER AND STOPPED.
 {¶ 8} In her sole assignment of error, Cottrill argues that reasonable minds could disagree on whether Knaul owed Cottrill a duty since the testimony indicates that an adjacent vehicle saw Cottrill and stopped.[1] Knaul counters by arguing that reasonable minds could not differ on whether Cottrill's own negligence was the proximate cause of the accident since she did not yield the right of way to vehicles on the roadway as required under R.C. 4511.48.
 {¶ 9} Cottrill's argument lacks merit for several reasons. First, Cottrill misstates why the trial court granted summary judgment. In its judgment entry, the trial court stated: "* * * reasonable minds cannot differ as to fault in this accident. The fault lies squarely and solely at the feet of the Plaintiff." (JE January 30, 2007, at 2). Rendering its judgment, the trial court explained that Knaul was traveling at an appropriate speed and fashion, and the trial court concluded that Cottrill did not have the right-of-way. (Id.). Therefore, the trial court did not grant summary judgment because no duty existed; but rather, because the plaintiff's own negligence was the proximate cause of the accident.[2] *Page 5 
 {¶ 10} Second, the evidence of record supports the trial court's determination that Cottrill was the proximate cause of the accident. To begin with, Cottrill admitted that she was not crossing in a designated cross-walk. (Cottrill Depo. at 20). R.C. 4511.48 provides the following pertinent language:
 (A) Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles * * * upon the roadway.
Other appellate courts have found that violating R.C. 4511.48
constitutes negligence per se. Abounader v. Gohlstin, 8th Dist. No. 87513, 2006-Ohio-5923, ¶ 13; Higgins v. Bennett (Mar. 6, 2000), 12th Dist. No. CA-99-08-022, at *4. C.f. Owens v. Renacs, 2d Dist. No. 20231,2004-Ohio-4052, ¶ 30 (violation of R.C. 4511.48 by a child is not negligence per se). See also Smith v. Zone Cabs (1939),135 Ohio St. 415, 418, 21 N.E.2d 336 (A pedestrian's violation of city ordinance forbidding pedestrians to cross streets between intersections constituted "negligence per se."). We need not decide whether a violation of R.C. 4511.48 is negligence per se in this case. Cottrill's violation of the statute is, at minimum, contributory negligence that the trial court was entitled to rely upon in granting Knaul's motion for summary judgment.
 {¶ 11} In addition, the witness testimony demonstrates Cottrill's negligence was the proximate cause of the accident. James Sinden was an independent witness who was driving his Saturn Vue, a sport utility vehicle (SUV), south on South Main Street in Marion, Ohio at the time of the accident. (Sinden Depo. at 7, 9). Sinden was able to stop *Page 6 
his vehicle in time for Cottrill to cross Main Street. (Id. at 11). Sinden testified that when Cottrill was crossing the street in front of his vehicle: "* * * she didn't look, not that I recall because I was waiting for her to look, and she didn't look when she came off the curb either, that's what I noticed about her, she came off the curb [sic] looked straight ahead." (Id. at 13). On re-direct examination, Mr. Sinden clarified his testimony regarding the accident scene:
 Q: * * * You're stopped at the light —
 A: Right.
 Q: — on Church Street —
 A: Yeah.
 Q: — and South Main?
 A: Right.
 Q: And while you're stopped, you see this woman come out of the bar?
 A: Yeah.
 Q: And while you are stopped, you see her walk across the sidewalk?
 A: Yeah
 Q: And while you're stopped, you see her step out into the roadway?
 A: Right.
 * * *
 Q: Okay. So when your light turns green, you drive forward?
 A: Yeah, I start forward, right.
 Q: And you reached a point where you thought you needed to stop so
 you wouldn't run this lady over?
 A: Right.
 Q: So you stopped and you're just observing her come across the
 street?
 A: Right.
 Q: Now, it sounded like you said that she never paid any attention to
 you?
 A: No.
 Q: She came out of the bar without checking traffic on Main Street?
 A: Right.
 Q: Stepped out into Main Street without checking traffic on Main Street? *Page 7 
 A: Right.
 Q: She didn't look to her left then?
 A: I didn't see her do that, when I saw her, she focused straight ahead
 the whole time.
 Q: Okay. So she's just walking out oblivious across Main Street, you
 stopped to let her go by the front of your car?
 A: Right.
 Q: How far from the front of your car did she walk, was she 5 feet
 away when she walked past the front of your Saturn?
 A: Yeah, I'd say no farther than that.
 Q: All right. And still no acknowledgement from her that you're there?
 A: Well, that's why I was thinking of honking the horn, but I thought, you know, she [sic] just kind of oblivious, and I thought if I honked the horn, I didn't know what she would do, you know, she might get excited or something.
 Q: Okay. But she seemed to you to be even unaware of your
 presence —
 A: Right.
 Q: — as she was walking past the front of your car? And then as soon as she stepped passed your car, she got hit by the black car coming up the lane —
 A: Right.
(Id. at 17-20). Cottrill's testimony did not contradict Sinden's testimony; rather, it only confirmed that she negligently crossed Main Street without looking for oncoming traffic. Cottrill testified:
 Q: And then you reached the lane where the white truck [Sinden's
 Saturn] was?
 A: Yes, sir.
 * * *
 Q: Did you make any attempt to find out if there was another vehicle on the other side of the truck?
 A: No, sir.
 Q: You just simply walked out into that lane and in a blink of an eye you were hit by the black car? *Page 8 
 A: I was simply walking across the street.
 Q: You're agreeing with me?
 A: I was simply walking across the street.
 Q: I want to make sure I understand it, though. You're saying that the white truck stopped for you and you walked in front of it; correct?
 A: And I just went on.
 Q: And then you crossed into the lane that Ryan Knaul was in?
 A: Whoever the guy was.
(Cottrill Depo. at 27-28). Since Cottrill admitted to crossing Main Street outside the cross-walk and both the eyewitness testimony and Cottrill's admissions demonstrate that she was negligent by not looking for oncoming traffic, the trial court could conclude that Cottrill was the proximate cause of the accident.
 {¶ 12} Third, the deposition testimony indicates that Knaul was not negligent in failing to stop for Cottrill. No evidence existed, nor was there any suggestion, that Knaul was driving at an excessive speed or in a negligent manner. Cottrill testified that she did not know how fast Knaul was driving nor did she know anyone who did. (Cottrill Depo. at 27). Sinden testified that he did not notice Knaul's car until after the accident and did not observe how fast he was traveling. (Sinden Depo. at 15). Amanda Knaul, a passenger in the defendant's car, testified that Ryan Knaul was not hurried or driving excessively fast nor did she hear the engine accelerating or revving any time before the accident. (Amanda Knaul Depo. at 13).
 {¶ 13} The evidence also reveals that the defendant was unable to see Cottrill crossing the road, because Sinden's Saturn SUV was obstructing the view. Sinden testified: *Page 9 
 Q: The way your car was, was stopped, would it have been blocking the view of drivers in the right lane?
 A: They couldn't have seen her probably. She's not very tall either, as I remember.
(Sinden Depo. at 12). The fact that the SUV's height obstructed the view was only magnified by the fact that Cottrill was approximately four foot nine inches (4' 9") in height (Cottrill Depo. at 37) and Knaul was driving a Honda CRX, which sat very low to the ground. (Amanda Knaul Depo. at 20). Cottrill's testimony, again, only confirmed that the SUV obstructed the view. She testified that she did not see Knaul's car because of the SUV, and further, acknowledged that Knaul probably did not see her either for the same reason. Cottrill testified:
 Q: You couldn't see the car because there was another vehicle
 blocking the view?
 A: A truck.
 Q: Was it large?
 A: No, it was a white pickup.
 * * *
 Q: And that white truck was blocking your view of the black car?
 A: Yes, sir and as I stepped into the other lane, it hit me.
 * * *
 Q: I think you testified that you didn't have time to see Ryan Knaul.
 Are you claiming that he had time to see you?
 A: No, sir.
(Cottrill Depo. at 24, 27, 29).
 {¶ 14} The evidence submitted also demonstrates that Knaul did not have any time to avoid the collision. Sinden testified on this issue as follows:
 Q: And she has testified that she stepped from beyond your vehicle into my client's lane and was struck — *Page 10 
 A: Right.
 Q: — do you recall seeing any of that?
 A: Yeah, ah, she flew. Um, yeah, she — she popped, kind of popped up in the air, and, ah, it was a real surprise, you know.
 Q: Did it happen fast?
 A: Well, as soon as she stepped out she got hit, as far as that goes. I mean, she, ah, I don't know, she just walked in front of mine, she was
 walking kind of slow, and she stepped out and she got hit and knocked to [sic] ground, it was pretty fast.
(Sinden Depo. at 11-12). Cottrill testified that, "* * * as I stepped into the other lane, [the car] hit me" and that the accident occurred in the blink of an eye. (Cottrill Depo. at 27-28). Cottrill further testified that she did not have time to see Knaul, and did not claim that he had time to see her. (Id. at 29).
 {¶ 15} In summary, the evidence in this case reveals that: (1) Cottrill was negligent in crossing Main Street outside of the crosswalk; (2) Cottrill was negligent in failing to look for on-coming traffic before crossing Main Street and crossing in front of the Saturn SUV without keeping a lookout for traffic (Knaul's car); (3) Knaul was not negligent in hitting Cottrill since he could not see her due to the Saturn SUV and did not have sufficient time or opportunity to avoid the accident; and (4) no evidence suggests that Knaul was, otherwise, driving negligently. After reviewing all this evidence in a light most favorable to the plaintiff, as the non-moving party, and with no deference to the trial court's determination, we find that reasonable minds could only conclude that Cottrill was the proximate cause of the accident. Therefore, summary judgment was appropriate in this case.Vagedes, 2005-Ohio-673, at ¶ 12; Mowery, 3d Dist. No. 5-85-33, at *2. *Page 11 
 {¶ 16} Cottrill's assignment of error is, therefore, overruled.
 {¶ 17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 SHAW and WILLAMOWSKI, J.J., concur.
[1] As an initial matter, we note that defendant Knaul's deposition was not filed in the trial court; and therefore, is not a part of the record under App.R. 9(A). As a result, we cannot consider it for purposes of this appeal. App.R. 12(A)(1)(b). Nonetheless, we conclude that summary judgment was proper in this case from the deposition transcripts that are included in the record.
[2] Nor could the trial court find no duty existed since R.C.4511.48(E) imposes a duty of due care not to hit pedestrians in the roadway. *Page 1