[Cite as *Middleton v. Holbrook*, 2016-Ohio-3387.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

DOUGLAS MIDDLETON,

    PLAINTIFF-APPELLANT,

    v.

JOHNATHON L. HOLBROOK, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 9-15-47

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 14-CV-0568

Judgment Reversed
And Cause Remanded

Date of Decision:  June 13, 2016

APPEARANCES:

    *Jeff Ratliff* for Appellant

    *J. Alan Smith* for Appellee

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant, Douglas Middleton ("Middleton"), brings this appeal from the judgment of the Common Pleas Court of Marion County, Ohio, which entered summary judgment in favor of Defendants-appellees, Jonathon Holbrook ("Holbrook") and P.J.'s HVAC, LLC (Collectively "Defendants"). For the reasons that follow, we reverse the trial court's judgment.

### Factual and Procedural Background

{¶2} This case arises out of an accident that occurred on April 11, 2013, between a vehicle driven by Holbrook, and a bicycle ridden by Middleton. Due to the fact that only Middleton's deposition was submitted in support of summary judgment, the following facts relevant to this case are not in dispute.

{¶3} Middleton is an avid bicycle rider. (Middleton Dep. at 18, Aug. 10, 2015.) On April 11, 2013, at about 3:00 p.m., Middleton was riding his bike westbound on the sidewalk located on the south side of East[1] Church Street in Marion, Ohio. (*Id.* at 19, 22, 24.) East Church Street is a one-way street, with all traffic going east. (*Id.* at 25-26.) Middleton stopped on the sidewalk when he approached the intersection of East Church Street and High Street. (*Id.* at 23.) He prepared to turn right and cross East Church Street to then continue north on High Street. (*Id.* at 23, 47-48, 54-55.) He saw Holbrook in his vehicle, stopped at the

---

[1] Although Middleton testified in his deposition that he was riding on West Church Street, all attached evidence indicates that the events took place at East Church Street. (*See* Ex. B, C, D.) This inconsistency has no effect on our analysis of the issues discussed in this opinion.

stop sign on High Street, going north. (*Id.* at 23, 25.) Holbrook had arrived at the intersection before Middleton and was looking westward to his left, at the eastbound traffic, in the direction opposite from Middleton. (*Id.* at 23-25, 28.) Middleton did not know whether Holbrook had a turn signal on. (*Id.* at 27-28.) Middleton waited for Holbrook, who continued to look the other way. (*Id.* at 24, 28, 62.) After a couple of minutes, Middleton got on his bike and started to cross East Church Street. (*Id.* at 24, 26, 28.) Middleton had already entered the street when he saw Holbrook pull out and make a right turn into East Church Street. (*Id.* at 29-30.) Middleton yelled out to the driver, "you're going to hit me." (*Id.* at 29, 83.) It was too late and Holbrook's vehicle collided with Middleton, causing injury. (*Id.* at 24, 29-30.) There was no marked crosswalk where Middleton was crossing East Church Street. (*Id.* at 73.)

{¶4} Middleton filed a complaint for damages alleging a negligence claim against Holbrook and a respondeat superior claim against P.J.'s HVAC as Holbrook's employer at the time of the accident. (*See* R. at 1.) Defendants took a deposition of Middleton and after that, they moved for summary judgment. (*See* R. at 19.) In their motion, Defendants argued that Middleton was negligent per se and that Holbrook was not negligent because it was not foreseeable to him to expect Middleton on the road. (*Id.*) They further argued that Middleton's own negligence was the sole proximate cause of his injuries. (*Id.*) In opposition to Defendants' motion, Middleton argued that Holbrook was negligent and that his

negligence was the proximate cause of Middleton's damages. (R. at 23.) He further contended that his own negligence, if any, was not the proximate cause of the injuries he sustained. (*Id.*) In the alternative, he asserted that the jury should resolve the issues of proximate causation and comparative negligence. (*Id.*) Defendants filed a reply, arguing that Holbrook had no duty to look for and yield to drivers violating his right of way. (R. at 24.) At issue in the trial court was also Middleton's claim for respondeat superior. As a result of the trial court's ruling that claim was dismissed, and it is not directly at issue on appeal.

**{¶5}** Granting summary judgment in favor of Defendants, the trial court reasoned that it was "undisputed" that Middleton failed to yield the right-of-way to Holbrook "and that this was a proximate cause of the crash." (R. at 25, at 5.) The trial court then concluded that Holbrook's failure to see Middleton was "immaterial" because "a driver that has the right of way [does not] have a duty to look for other drivers violating her right of way." (*Id.* at 5-6, citing *Timmins v. Russomano*, 14 Ohio St.2d 124, 127, 236 N.E.2d 665 (1968), *and Lumaye v. Johnson*, 80 Ohio App.3d 141, 145, 608 N.E.2d 1108 (10th Dist.1992)). Based on these observations, the trial court found, "as a matter of law," that:

- Holbrook had the right-of-way;

- Middleton failed to yield to Holbrook's right-of-way;

- Middleton's failure to yield constituted negligence per se;

Case No. 9-15-47

- Middleton's negligence "cannot be outweighed by any failure of [Holbrook] to observe [Middleton]." (*Id.* at 6.)

**{¶6}** Middleton appeals the trial court's judgment raising three assignments of error as quoted below.

### *Assignments of Error*

Assignment of Error Number One
The trial court erred in granting Defendants-Appellees' Motion for Summary Judgment when it determined that Defendant Holbrook had the right of way and was entitled to judgment as a matter of law.

Assignment of Error Number Two
The trial court erred in granting Defendants-Appellees' Motion for Summary Judgment when it failed to apply Ohio Revised Code §§ 4511.38(A) and 4511.39(A), as well as Marion City Code §§ 331.13(A) and 331.14(A).

Assignment of Error Number Three
The trial court erred when it found that failure to yield the right-of-way constituted negligence *per se.*

### *Standard of Review*

**{¶7}** All three assignment of error concern the summary judgment ruling. Under Civ.R. 56,

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being

- 5 -

> entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C); *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 13, quoting Civ.R. 56(C).

**{¶8}** The party moving for summary judgment has the initial burden "to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact." *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001); *accord Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 12. The burden then shifts to the party opposing the summary judgment. *Id.* In order to defeat summary judgment, the nonmoving party may not rely on mere denials but "must set forth specific facts showing that there is a genuine issue for trial." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

**{¶9}** "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). The court must thus construe all evidence and resolve all doubts in favor of the non-moving party, here Middleton. *Id.* But if the evidence so construed fails to support the essentials of his claims, summary judgment is proper. *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993). An appellate court reviews a trial court's

decision on a motion for summary judgment de novo. *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, ¶ 9.

### *Analysis*

{**¶10**} Since the assignments of error are interrelated, and all concern elements of the negligence claim, we consider them together. Furthermore, because the facts, taken only from Middleton's deposition, are not in dispute, we are left with determining whether Defendants were entitled to a judgement as a matter of law on Middleton's negligence claim.

{**¶11**} A negligence claim requires that the plaintiff prove the following elements: "(1) the existence of a legal duty, (2) the defendant's breach of that duty, and (3) injury that is the proximate cause of the defendant's breach." *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 22. In negligence cases, summary judgment in favor of the defendant may be granted if the trial court finds as a matter of law that (a) the defendant was not negligent; or (b) the defendant's negligence, if any, was not the proximate cause of plaintiff's injury; or (c) the plaintiff was negligent and the plaintiff's negligence outweighed any of the defendant's negligence in causing the injury. *See Cottrill v. Knaul*, 3d Dist. Marion No. 9-07-12, 2007-Ohio-5196, ¶ 6-7; *Riley v. Burnup & Sims Comtec, Inc.*, 3d Dist. Allen No. 1-90-113, 1991 WL 216783, *2 (Sept. 12, 1991). The trial court seemed to have found all three options satisfied in favor of Defendants when it granted summary judgment in this case.

{¶12} While the trial court did not clearly structure its opinion around the outlined above negligence principles, the ruling can be read to say that Holbrook owed no duty of care to Middleton because he had no duty to look for drivers violating his right of way and therefore, as a matter of law, he was not negligent. Assuming that this finding was correct, it would be sufficient for a grant of summary judgment. Additionally, the trial court determined that Middleton had a duty to yield to Holbrook, he breached that duty, and this breach was the proximate cause of his own injuries. Therefore, the trial court concluded that Middleton's own negligence could not be outweighed by any possible negligence by Holbrook.

{¶13} Within his assignments of error on appeal, Middleton alleges that the trial court erred in finding a lack of negligence on the part of Holbrook because of its incorrect conclusion that no duty of care existed. He also challenges the trial court's conclusion that Middleton was negligent per se and that his negligence was the sole or overwhelming proximate cause of his injuries. We analyze each issue below.

*Holbrook's Negligence*

{¶14} As stated above, the trial court's ruling indicates that Holbrook could not be found negligent because he owed no duty of care to Middleton. The trial court based this conclusion on the 1968 holding of the Ohio Supreme Court:

> "the driver of a motor vehicle proceeding *over a through street or highway in a lawful manner* has the absolute right of way over a

vehicle on an intersecting stop street, and the former may assume that the latter will respect and observe such right of way."

(Emphasis added.) *Timmins*, 14 Ohio St.2d at 127, 236 N.E.2d 665.

**{¶15}** It is important to note that in deciding *Timmins*, the Ohio Supreme Court relied on a version of R.C. 4511.01(FF) that existed "prior to October 15, 1965," and defined a " 'through highway' as 'every highway or portion thereof at the entrance to which vehicular traffic from intersecting highways is required by law to stop before entering or crossing the same except as provided in Section 4511.65 of the Revised Code.' " *Id.* at 126-127. Under this definition, Holbrook was not on a "through street or highway" but rather, "on an intersecting stop street."

**{¶16}** Furthermore, it does not appear that Holbrook was proceeding "in a lawful manner." R.C. 4511.38 states:

> (A) No person shall start a vehicle, streetcar, or trackless trolley which is stopped, standing, or parked until such movement can be made with reasonable safety.

Violation of this statute is a minor misdemeanor. R.C. 4511.38(B). Marion City Code 331.13 has substantially similar language. Another section of the Revised Code states,

> No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety * * * .

R.C. 4511.39(A). Violation of this statute is a minor misdemeanor. R.C. 4511.39(B). Marion City Code 331.14 has almost identical language. Middleton alleged that Holbrook turned his vehicle without ascertaining whether such movement could be made with reasonable safety, because he only looked left. Middleton's testimony was not disputed during the summary judgment proceedings. Therefore, it appears that that Holbrook was not proceeding "in a lawful manner" as required under *Timmins*.

{¶17} Because the facts of this case do not support a finding that Holbrook was on a through highway or that he was proceeding in a lawful manner, the Ohio Supreme Court's reasoning in *Timmins* cannot be used to determine that he had an absolute right of way and thus, owed no duty of care to Middleton.

{¶18} We further note that the Supreme Court's recognition of "the absolute right of way over a vehicle on an intersecting stop street," does not equate to a recognition that a person with the "absolute right of way" has no duty to others on the road. *See Markley v. Knutson*, 3d Dist. Marion No. 9-96-29, 1996 WL 546875, *3 (Sept. 26, 1996) (recognizing that "a driver can not proceed along a roadway blindly with no regard for others"). The Ohio Supreme Court has long recognized that

> a situation might arise whereby an obligation of care would arise upon the part of the driver having the right of way. If he should discover, just as he was approaching or entering the intersection, that the driver of the vehicle on his left was violating the law, and was not yielding to him the right of way, it then became the duty of the driver lawfully having the right of way not to wantonly injure the

other, but to use ordinary care to avoid injuring him, after discovering and appreciating the dangerous peril in which the negligent driver had placed himself.

(Emphasis added.) *Morris v. Bloomgren*, 127 Ohio St. 147, 158-159, 187 N.E. 2 (1933)*. This legal principle was reaffirmed by the *Timmins* court, which quoted the syllabus of *Morris:*

"If however the former (driver of a motor vehicle having the right of way), just as he is approaching or entering the intersection, discovers that the latter is not yielding the right of way and has thereby placed himself in a perilous situation, it becomes the duty of the former to use ordinary care not to injure the latter after becoming aware of his perilous situation."

*Timmins*, 14 Ohio St.2d at 127, 236 N.E.2d 665, quoting *Morris* at paragraph five of the syllabus.

{¶19} "Typically, a duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case. * * * Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence *per se*." *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, 1998-Ohio-184, 697 N.E.2d 198 (1998). Several statutes placed an affirmative duty on Holbrook to look right before turning, including but not limited to: R.C. 4511.38(A), and its equivalent Marion City Code 331.13(A); R.C. 4511.39(A), and its equivalent Marion City Code 331.14(A). The trial court did not consider these statutes before holding that Holbrook had no duty to look right before turning.

{¶20} The trial court failed to properly analyze the element of duty in Middleton's claim against Holbrook and thus, its conclusion that Holbrook was not negligent as a matter of law was incorrectly reached.

*Middleton's Negligence*

{¶21} In addition to finding that Holbrook was not negligent, the trial court found that summary judgment was proper because Middleton was negligent per se and that his negligence was the overwhelming proximate cause of his own injuries. "The concept of negligence per se allows the plaintiff to prove the first two prongs of the negligence test, duty and breach of duty, by merely showing that the defendant committed or omitted a specific act prohibited or required by statute." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 15, citing *Chambers*, 82 Ohio St.3d at 565-566 1998-Ohio-184, 697 N.E.2d 198. But the plaintiff in a negligence per se action still has to prove proximate cause and damages. *Sikora v. Wenzel*, 88 Ohio St.3d 493, 496, 2000-Ohio-406, 727 N.E.2d 1277. Additionally, "a negligence-per-se violation will not preclude defenses and excuses, unless the statute clearly contemplates such a result." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 23.

{¶22} It appears that the trial court found Middleton negligent per se for failing to yield the right-of-way to Holbrook, and thus, violating Marion City Code 373.07(B) and R.C. 4511.44(A). (*See* R. at 25, at 3-5.) The trial court engaged in

an unusual analysis with respect to the right-of-way issue, indicating that it was "undisputed * * * that the Plaintiff failed to yield the right of way to the Defendant * * * ." (R. at 25, at 5.) This statement incorrectly suggests that both parties conceded that Middleton violated Holbrook's right-of-way.

{¶23} Although the facts of this case were undisputed, the issue of who had the-right-of way in this factual scenario was at the heart of the dispute in the trial court. In his complaint, Middleton alleged that Holbrook failed to yield to his right-of-way. (R. at 1, ¶ 9-14.) In their motion for summary judgment, Defendants argued that Holbrook had the right-of-way and that Middleton failed to yield. (R. at 19, at 6, 10-11.) In his opposition to the summary judgment motion, Middleton alleged that both he and Holbrook had to yield to the traffic proceeding "uninterrupted" on Church Street and because Holbrook was stopped at a stop sign, he did not have the right-of-way. (R. at 23, at 12.) Middleton further asserted that in order to observe the right-of-way, he stopped at the intersection and waited "for a couple of minutes" before proceeding. (R. at 23, at 2.) He testified in his deposition that he "waited and waited on him," and "[s]o finally there was a chance to cross the street and he was still looking the other way." (Middleton Dep. at 24, Aug. 10, 2015.) Middleton argued that in this situation, the right of way shifted to him because Holbrook did not proceed in an uninterrupted manner, was not moving, and was not facing in Middleton's direction. (R. at 23, at 12.)

**{¶24}** Our observations above expressly contradict the accuracy of the trial court's statement that the issue of violating the right-of-way was "undisputed," or conceded by the parties. Accordingly, it was an error to find that Middleton was negligent per se based on this incorrect statement.

**{¶25}** It appears that multiple statutes might be applicable to the right-of-way determination in the factual scenario that occurred here, including but not limited to: R.C. 4511.43(A) ("After having stopped, the driver shall yield the right-of-way to any vehicle in the intersection or approaching on another roadway so closely as to constitute an immediate hazard during the time the driver is moving across or within the intersection or junction of roadways."); R.C. 4511.44(A) ("The operator of a vehicle, streetcar, or trackless trolley about to enter or cross a highway from any place other than another roadway shall yield the right of way to all traffic approaching on the roadway to be entered or crossed."); Marion City Code 373.07(B) ("Every person operating a bicycle shall: * * * (B) Yield the right of way to pedestrian and vehicular traffic upon the roadway as lawfully required."). While it might have been proper for the trial court to evaluate *all* applicable statutes and determine that in this factual scenario Holbrook had the right-of-way and Middleton failed to yield, the trial court did not do that.

*Proximate Cause*

**{¶26}** Similarly, the trial court was incorrect when it stated that the issue of the proximate cause of the crash was "undisputed," again suggesting that the parties conceded the issue. (R. at 25, at 5.) Middleton alleged in his complaint that Holbrook's failure to yield to his right-of-way was the proximate cause of the accident and his resulting injuries. (R. at 1, ¶ 9-14.) In their motion for summary judgment, Defendants argued that Middleton's failure to yield was "the sole proximate cause of his injuries." (R. at 19, at 6, 10-11.) In his opposition to the summary judgment motion, Middleton expressly alleged that any failure to yield on his side "was not the proximate cause of this accident." (R. at 23, at 12.) Although the facts of the case were not in dispute, the record contradicts the trial court's conclusion that the *issue* of proximate cause was "undisputed."

**{¶27}** "[W]hen the facts surrounding the issue of proximate cause are disputed or *convoluted*, the issue of proximate cause is best left for the trier of fact." (Emphasis added.) *Kemerer v. Antwerp Bd. of Edn.*, 105 Ohio App.3d 792, 796, 664 N.E.2d 1380 (3d Dist.1995). Nevertheless, "where reasonable minds could not differ as to the matter of proximate cause because circumstances clearly indicate an *obvious* cause and effect relationship, the issue of proximate cause may be determined as a matter of law." (Emphasis sic.) *Mowery v. McCracken*, 3d Dist. Hancock No. 5-85-33, 1987 WL 16262, *3 (Aug. 31, 1987); *see id.* at *7 (finding that "even assuming negligence on the part of Defendant * * * Plaintiff's

own conduct * * * was either the sole proximate cause of his injury or at the very least, outweighed any negligence of the Defendant as a matter of law"); *Cottrilll*, 3d Dist. Marion No. 9-07-12, 2007-Ohio-5196, at ¶ 15; *Hemmelgarn v. Vagedes*, 3d Dist. Mercer No. 10-04-14, 2005-Ohio-673, ¶ 15.

**{¶28}** Construing the undisputed evidence in this case most strongly in Middleton's favor, as we must, we are not convinced that reasonable minds could only conclude that Middleton was the sole proximate cause of the accident, or that Middleton's negligence outweighed any of Holbrook's negligence in causing the accident. Rather, the "convoluted" facts here would be "best left for the trier of fact." *Kemerer* at 796.

**{¶29}** Because the trial court erred in its conclusions, summary judgment was improperly granted. Accordingly, we sustain the assignments of error.

### *Conclusion*

**{¶30}** Having reviewed the arguments, the briefs, and the record in this case, we find error prejudicial to Appellant in the particulars assigned and argued. The judgment of the Common Pleas Court of Marion County, Ohio is therefore reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/hls**