[Cite as *Williams v. ALPLA, Inc.*, 2017-Ohio-4217.]

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
ALLEN COUNTY**

RYAN WILLIAMS,

      PLAINTIFF-APPELLANT,

      v.

ALPLA, INC.,

      DEFENDANT-APPELLEE.

CASE NO. 1-16-53

O P I N I O N

**Appeal from Allen County Common Pleas Court
Trial Court No. CV 2014 0530**

**Judgment Affirmed**

**Date of Decision:  June 12, 2017**

**APPEARANCES:**

    *Tabitha L. Stewart* **for Appellant**

    *Andrew J. Wilhelms* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiff-appellant Ryan Williams ("Williams") appeals the judgment of the Allen County Common Pleas Court for granting summary judgment in favor of the defendant-appellee, ALPLA, Inc. ("ALPLA"). For the reasons set forth below, the judgment of the lower court is affirmed.

*Facts and Procedural History*

{¶2} On August 24, 2013, Williams was employed by ALPLA and sustained a severe injury to his right arm while he was working at ALPLA. *Id.* According to Williams, ALPLA's SSB160 machine, which manufactures bottles, was not functioning properly during his shift. Doc. 70 at 28-29. Doc. 66 at 12. The bottles being processed by this machine were slipping off of the track and accumulating under the machine. Doc. 67 at 12-13. If too many bottles pile up in this area, the machine shuts down. *Id.* at 11-12. The area in which these bottles were accumulating can be accessed by opening a sliding plexiglass door on the side of the machine. *Id.* at 12. Williams claims that he had been trained to open this plexiglass door, reach inside this area of the SSB160, and gather the fallen bottles while the machine was still running. *Id.* at 52-53, 60-61. Williams tried to figure out what was causing the bottles to fall off of the track and tried several adjustments to correct this issue. Doc. 70 at 23. After several attempted fixes failed, Williams decided to check what he believed to be a photo eye that was located inside the compartment where the bottles were falling off of the track and accumulating under

the machine. *Id*. at 23-24.

{**¶3**} To avoid a break in production, Williams chose not to shut off the machine while he opened the plexiglass access door and reached into the SSB160 machine to wipe down what he believed to be a photo eye sensor in that area of the machine.[1]  *Id*. at 22.  He, however, admitted that he could have shut down the machine before he put his arm inside the SSB160 as he was the supervisor in charge of the floor that evening.  *Id*. at 27, 57.  While he had previously reached into this machine to clear out bottles, this was the first time that Williams had ever attempted to wipe off this sensor.  *Id*. at 24, 35.  As he was attempting to service the SSB160, Williams's arm got caught in the machine, causing his injuries.  Doc. 67 at 55.  Doc. 70 at 28.

{**¶4**} On August 21, 2014, Williams filed a complaint with the Allen County Common Pleas Court that named ALPLA as the defendant in an action brought under Ohio's employer intentional tort law.  Doc. 1.  On August 22, 2016, ALPLA filed a motion for summary judgment.  Doc. 64.  In this motion, ALPLA argued that Williams had not shown that ALPLA had breached any duty owed to Williams and that ALPLA was not, therefore, liable to Williams for damages.  *Id*.  On October 11, 2016, the trial court granted ALPLA's motion for summary judgment.  Doc. 73.

---

[1] ALPLA contends that this was not a photo eye but a proximity eye.  Doc. 66 at 47, 68.  The depositions, however, appear to indicate that Williams was under the impression that this was a photo eye at the time he reached into the machine.  Doc. 70 at 24, 35.

Case No. 1-16-53

Williams filed a notice of appeal on November 7, 2016. Doc. 75. On appeal, he raises the following two assignments of error.

**First Assignment of Error**

**The Common Pleas Court of Allen County, Ohio, erred in concluding that there were no genuine issues of material fact in this matter.**

**Second Assignment of Error**

**The Common Pleas Court of Allen County, Ohio, erred in concluding that Plaintiff failed to create a genuine issue of fact regarding the removal of a steel plate, a safety mechanism, from the SSB 160 machine.**

We will consider these assignments of error together as both address the trial court's decision to grant summary judgment.

*Legal Standard*

{¶5} Appellate courts consider a summary judgment order under a de novo standard of review. *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5, citing *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 3 N.E.3d 1173, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9. Under the Ohio Rules of Civil Procedure,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can**

-4-

> **come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). "The party moving for summary judgment has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001).

{¶6} "The burden then shifts to the party opposing the summary judgment." *Id*. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Hancock Fed. Credit Union v. Coppus*, 54 N.E.3d 806, 2015-Ohio-5312, ¶ 14 (3d Dist.), quoting *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E). "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party, here Plaintiffs." *Webster v. Shaw*, 63 N.E.3d 677, 2016-Ohio-1484, ¶8 (3d Dist.), citing *Murphy* at 358-359. "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Id*., citing *Welco*

*Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶7}** R.C. 2745.01, which is Ohio's employer intentional tort statute, reads,

in relevant part, as follows:

> **(A) In an action brought against an employer by an employee * * * for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.**
>
> **(B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.**
>
> **(C) Deliberate removal by an employer of an equipment safety guard * * * creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury * * * occurs as a direct result.**

R.C. 2745.01(A-C). With this provision, "the General Assembly intended to limit

claims for employer intentional torts to situations in which an employer acts with

the 'specific intent' to cause an injury to another." *Houdek v. ThyssenKrupp*

*Materials N.A., Inc.*, 134 Ohio St.3d 491, 2012-Ohio-5685, 983 N.E.2d 1253, ¶ 24,

citing *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027,

927 N.E.2d 1066, ¶ 56; *Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio

St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 26.

**{¶8}** R.C. 2745.01(A) appears to give two options for demonstrating this

specific intent: either "the employer committed the tortious act with [1] the intent to

injure another or [2] with the belief that the injury was substantially certain to occur." R.C. 2745.01(A). However,

> **R.C. 2745.01(B) equates 'substantially certain' with 'deliberate intent' to injure. Thus, the 'two options of proof [under R.C. 2745.01(A)] become: (1) the employer acted with intent to injure or (2) the employer acted with deliberate intent to injure.'** ***Kaminski*** **at ¶ 55, quoting** ***Kaminski v. Metal & Wire Prods. Co.*****, 175 Ohio App.3d 227, 2008-Ohio-1521, 886 N.E.2d 262, ¶ 31 (7th Dist.). '[W]hat appears at first glance as two distinct bases for liability is revealed on closer examination to be one and the same.'** ***Rudisill v. Ford Motor Co*****., 709 F.3d 595, 602–603 (6th Cir.2013) (describing R.C. 2745.01 as 'a statute at war with itself').**

*Hoyle v. DTJ Ents., Inc*., 143 Ohio St.3d 197, 2015-Ohio-843, 36 N.E.3d 122, ¶ 10.

{¶9} "Acting with the belief that an injury is 'substantially certain' to occur is not analogous to wanton misconduct, nor is it 'enough to show that the employer was merely negligent, or even reckless.'" *Roberts v. RMB Ents., Inc*., 197 Ohio App.3d 435, 2011-Ohio-6223, 967 N.E.2d 1263, ¶ 21, quoting *Talik v. Fed. Marine Terminals, Inc*., 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 17. This standard requires more than "mere knowledge of a hazardous condition." *Thompson v. Oberlander's Tree & Landscape Ltd*., 2016-Ohio-1147, 62 N.E.3d 630, ¶ 20 (3d Dist.), quoting *Broyles v. Kasper Mach. Co*., 517 Fed.Appx. 345, 353 (6th Cir.2013), citing *Houdek*.

{¶10} Under Ohio law, "alleged deficiencies in training, safety procedures, safety equipment, instructions, or warnings, have been found to show recklessness, but are insufficient to create a genuine issue of material fact as to deliberate intent."

*Meadows v. Air Craft Wheels, L.L.C.*, 8th Dist. Cuyahoga No. 96782, 2012-Ohio-269, ¶ 18. *McCarthy v. Sterling Chems., Inc.*, 193 Ohio App.3d 164, 2011-Ohio-887, 951 N.E.2d 441, ¶ 9, 14-15 (1st Dist.); *Jefferson v. Benjamin Steel Co., Inc.*, 5th Dist. Richland Nos. 09 CA 62 & 09 CA 75, 2010-Ohio-50, ¶ 112; *Fickle v. Conversion Technologies Intern., Inc.*, 6th Dist. Williams No. WM-10-016, 2011-Ohio-2960, ¶ 48; *Simonelli v. Fligner*, 9th Dist. Lorain No. 11CA010098, 2012-Ohio-6112, ¶ 9-10; *Wright v. Therm-O-Link*, 2016-Ohio-7840, --- N.E.3d ---, ¶ 31 (11th Dist.); *Roberts, supra*, at ¶ 26; *Davis v. AK Steel*, 12th Dist. Butler No. CA2005-07-183, 2006-Ohio-596, ¶ 12. "[A]bsent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system." *Houdek* at ¶ 2.

{¶11} "R.C. 2745.01(C) permits an employee to prove the employer's intent without direct evidence." *Hoyle* at ¶ 10. If an employee can demonstrate that his injuries resulted from the employer's "deliberate removal" of an "equipment safety guard," then "R.C. 2745.01(C) creates a rebuttable presumption that the employer intended to injure" the employee. *Id.* at ¶ 12. "Deliberate removal" has been generally defined to mean "a deliberate decision to lift, push aside, take off, or otherwise eliminate that guard from the machine." *Thompson* at ¶ 21, quoting *Hewitt v. L.E. Myers Co.*, 134 Ohio St.3d 199, 2012-Ohio-5317, 981 N.E.2d 795, ¶ 30. The Ohio Supreme Court has defined an "equipment safety guard" to mean "a

device that is designed to shield the operator from exposure to or injury by a dangerous aspect of the equipment." *Thompson* at ¶ 20, quoting *Hewitt* at ¶ 26, quoting *Fickle* at ¶ 43.

*Legal Analysis*

**{¶12}** On appeal, Williams makes four arguments against the trial court's decision to grant summary judgment. First, he argues that the parties dispute the reasons he put his arm into the SSB160 machine. On appeal, Williams claims that he reached into the SSB160 to clean out bottles that had fallen inside. He alleges that this action was performed in accordance with his training and the instructions he was given. The appellee, on the other hand, asserts that the depositions show that Williams put his arm into the machine to clean what he believed to be a photo eye. Appellee then argues that this sensor was actually a proximity eye, that wiping down a proximity eye would not assist this component—or the machine—in functioning better, and that reaching into this area of the SSB160 to clean this proximity eye was not in accordance with Williams's training.

**{¶13}** The question of whether Williams was acting in conformity with his training at the moment he was injured is immaterial because this evidence, at best, could be used at trial to establish that he was acting pursuant to inadequate training. While this evidence could possibly establish that his employer was negligent, reckless, or wanton, this showing cannot demonstrate that Williams's employer

possessed an intent to injure him. Thus, this alleged dispute cannot establish the genuine issue of material fact necessary to defeat summary judgment.

**{¶14}** Second, Williams argues that the parties dispute whether he was permitted to turn the SSB160 machine off before performing maintenance. Doc. 70 at 35, 52. Williams states in his depositions that he was in charge of the shop floor that night and could have shut down the machine before reaching inside it but chose not to do so. *Id*. at 57. Referencing these admissions on appeal, appellant correctly concludes in his brief that "[w]hether the SSB160 was permitted to be shut down on August 24, 2014 is irrelevant in determining liability in this case. The more important fact * * * is how employees were trained to remove the bottles that had fallen off of the tract * * *." Appellant's Brief, 14. Again, inadequate training or safety procedures do not establish that an employer had the actual intent to injure an employee. *Wright v. Mar-Bal, Inc*., 11th Dist. Geauga No. 11W001025, 2013-Ohio-5647, ¶ 27-28.

**{¶15}** Third, Williams contends that the parties dispute how the employees were trained to remove bottles from within the SSB160 machine. Williams's third argument against summary judgment directly addresses Williams's training and specifically charges that this training was inadequate. Even if the record shows that this fact is contested, this evidence still does not present a disputed issue of material fact as to whether the employer, ALPLA, had the specific intent required to commit an intentional tort under R.C. 2745.01. *Breitenbach v. Double Z Constr. Co., LLC*,

2016-Ohio-1272, 63 N.E.3d 498, ¶ 57 (5th Dist.). *See* Doc. 70 at 52-53, 60-61. *Compare* Doc. 66 at 23, 64-65.

**{¶16}** Fourth, Williams argues that the parties dispute whether a steel plate that prevented employee access into the machine was removed from the machine and whether a shut off mechanism was in proper repair. Arguing the steel plate was removed, Williams claims that this constitutes the removal of a safety mechanism on the machine that demonstrates an intent to injure under R.C. 2745.01(C). While the possibility exists that a steel plate was removed, we do not find evidence in the record that establishes such a steel plate was ever in place on the SSB160, an allegation that any such steel plate was a safety mechanism within the meaning of R.C. 2745.01(C), or evidence that ALPLA deliberately removed any such steel plate. The emails submitted as an appendix to the appellant's brief were not submitted to the trial court and, therefore, cannot be considered by this court in this analysis. *See* Appellant's Brief, Ex. C. The depositions also do not establish that a shut off mechanism was located at the door through which Williams reached into the machine. Doc. 67 at 34. Doc. 66 at 56. The depositions establish that a shut off mechanism was connected to a different set of doors at another access point on the SSB160. Doc. 67 at 33. Consequently, the documents and depositions submitted to the trial court are not sufficient to establish that a dispute does, in fact, exist over any issue of material fact or to raise the rebuttable presumption under R.C. 2745.01(C).

*Conclusion*

**{¶17}** In this case, Williams has not pointed to evidence that creates a genuine issue of material fact as to whether the employer in this case possessed an actual intent to injure Williams under R.C. 2745.01. Thus, summary judgment was an appropriate means to dispose of this case, and Williams's first and second assignments of error are overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON, P.J. and ZIMMERMAN, J., concur.**

**/hls**