[Cite as *Schmidt Machine Co. v. Swetland*, 2021-Ohio-1236.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

SCHMIDT MACHINE COMPANY,

    PLAINTIFF-APPELLEE,

    CASE NO. 16-20-07

    v.

TODD SWETLAND,               O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Wyandot County Common Pleas Court
Trial Court No. 19-CV-0035

Judgment Affirmed

Date of Decision:  April 12, 2021

APPEARANCES:

    *John F. Kostyo* for Appellant

    *Douglas M. Morehart* for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Todd Swetland ("Swetland") appeals the judgment of the Wyandot County Court of Common Pleas, alleging that the trial court erred (1) in declining to permit Swetland to file late responses to the plaintiff-appellee Schmidt Machine Company's ("SMC") requests for admissions and (2) in granting SMC's motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On April 8, 2019, SMC filed a complaint that alleged Swetland had formed a contract with SMC for repairs to his agricultural equipment. Doc. 1. The complaint further alleged that Swetland owed SMC $39,911.53 in breach of this contract. Doc. 1. On May 8, 2019, the parties agreed to give Swetland "additional time to respond to Plaintiff's complaint." Doc. 26. On June 10, 2019, Swetland filed his answer. Doc. 5. On July 15, 2019, Swetland's first attorney filed a motion to withdraw as counsel. Doc. 7. The trial court granted this motion on July 16, 2019. Doc. 8.

{¶3} On December 20, 2019, SMC filed a request for admissions. Doc. 9. This list included requests for the following admissions:

> **10. Do you admit that the amount remaining due on your account as of January 31, 2019 is $39,911.53?**
>
> **11. Do you admit that funds are owed to Schmidt Machine Company?**

-2-

**12. Do you admit that Schmidt Machine Company agreed to reduce interest due if Defendants made half of his payments by April 1, 2016?**

**13. Do you admit that half of the invoice was not paid by April 1, 2016, therefore, Schmidt Machine was not responsible to reduce interest?**

Doc. 10. Swetland did not respond to these requests for admission within the relevant twenty-eight-day timeframe. Doc. 10. *See* Civ.R. 36(A)(1).

{¶4} On March 5, 2020, SMC filed a motion for summary judgment. Doc. 12. This motion relied on the requested admissions that had been deemed admitted by Swetland's failure to respond timely. Doc. 12. This motion also contained a supporting affidavit from Randy Schmidt. Doc. 12. On March 6, 2020, the trial court issued a judgment entry that stated this "cause would come before the Court for ruling" on April 1, 2020. Doc. 13. The trial court stated that any responses to SMC's motion for summary judgment had to be filed by March 31, 2020. Doc. 13.

{¶5} On March 30, 2020, Swetland sent a pro se request to the trial court, asking for additional time to retain counsel and to respond to SMC's motion for summary judgment. Doc. 16. The trial court granted this motion on April 3, 2020, giving Swetland thirty days to retain counsel. Doc. 17. On May 5, 2020, Swetland sent the trial court yet another pro se request for additional time to obtain counsel and to respond to SMC's motion for summary judgment. Doc. 18. The trial court noted that Swetland "has had ample opportunity to obtain counsel" as he had "been

without counsel since July 15, 2019." Doc. 19. However, the trial court gave Swetland "the time up to the date of the non oral hearing on the Motion for Summary Judgment to obtain an attorney." Doc. 19. This hearing was scheduled for June 12, 2020. Doc. 19.

{¶6} On June 11, 2020, Swetland's newly retained counsel filed a notice of appearance and a motion that requested another extension to give him "additional time to review and file appropriate responses to *pending* discovery and motions filed by the Plaintiff." (Emphasis added.) Doc. 20, 22. The trial court granted this motion. Doc. 23. The trial court ordered Swetland to file responses to discovery and SMC's motion for summary judgment by July 15, 2020. Doc. 23.

{¶7} On July 15, 2020, Swetland filed a memorandum in opposition to SMC's motion for summary judgment. Doc. 24. Swetland also filed a notice of submissions of objections and responses to SMC's requests for admission. Doc. 25. On August 28, 2020, the trial court issued a judgment entry that stated the following:

> **Regrettably, this Court granted the request on June 11, 2020. The regret comes from the fact that the Court did not specify, nor did the Defendant, what discovery Defendant was referencing. If it was the discovery that Plaintiff had specified required a response in twenty-eight days, that time had expired months before. Additionally, Defendant's failure to respond as required allowed Plaintiff to deem admitted those questions to which no response was received. Plaintiff \* \* \* had every right to rely on the admissions as Defendant had not filed a response despite a generous time opportunity in which to do so. Defendant wishes to undo this and asserts he was given an extension of time to file pleadings responsive to discovery. However, Defendant did not file any responses to any discovery within the extension time**

**granted. Instead, Defendant * * * filed a 'Notice of Submission * * *.' Defendant did not file these Objections and Responses with the Court, despite the fact that Crim.R. 36 requires the Court to have the objections to determine if they are justified. Crim.R. 36(A)(3). This appears to be a continuation of the delaying tactics Defendant has employed over the course of this litigation.**

Doc. 26. The trial court then granted SMC's motion for summary judgment as to the claims in SMC's complaint and Swetland's counterclaims. Doc. 26.

{¶8} The appellant filed his notice of appeal on September 23, 2020. Doc. 27. On appeal, Swetland raises the following assignments of error:

### First Assignment of Error

**The Trial Court committed prejudicial error through its determination that all of Plaintiff's Requests for Admission were Admitted pursuant to Ohio Civil Rule 36 contrary to the denial of the admissions in facts verified by Todd Swetland filed with the Court.**

### Second Assignment of Error

**The Trial Court committed prejudicial error through its entry of Summary Judgment and refusal to acknowledge or consider genuine issues of material fact stated in Defendant's Memorandum in Opposition to Summary Judgment Verified as an Affidavit by Todd Swetland.**

*First Assignment of Error*

{¶9} Swetland argues that the trial court erred in determining that SMC's requested admissions were deemed admitted by his failure to respond within the relevant timeframe.

Legal Standard

**{¶10}** Civ.R. 36 governs requests for admissions in the State of Ohio. Civ.R.

36. This rule reads, in its relevant part, as follows:

> **(A) Availability; Procedures for Use. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * ***
>
> **(1) * * * The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, [the] party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.**
>
> **\* \* \***
>
> **(B) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ. R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. * * ***

Civ.R. 36(A). Thus, "[a] party's failure to timely respond to a request for admission

results in the matter being automatically admitted under Civ.R. 36(A)." *HSBC*

*Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 18.

"[T]he admissions [become] facts of record which the court must recognize." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052, 1053 (1985).

{¶11} Further, "[a]ny matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Willis* at 67, citing Civ.R. 36(B). "Under compelling circumstances, the court may allow untimely replies to avoid the admissions." *Id*.

> **The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action.**

*Id*. "Civ.R. 36(B) does not require that a written motion be filed, nor does it specify when such motion must be filed." *State ex rel. Davila v. Bucyrus*, 194 Ohio App.3d 325, 2011-Ohio-1731, 956 N.E2d 332, ¶ 24 (3d Dist.), quoting *Balson v. Dodds*, 62 Ohio St.2d 287, 405 N.E.2d 293, fn. 2.

{¶12} "A trial court's decision whether to permit withdrawal of admissions rests within its discretion." *Graham v. Allen County Sheriff's Office*, 3d Dist. Allen No. 1-05-18, 2005-Ohio-4190, ¶ 6. "A mere error in judgment does not constitute an abuse of discretion." *Schwieterman v. Schwieterman*, 3d Dist. Logan No. 8-19-49, 2020-Ohio-4881, ¶ 12. Rather, a determination that is arbitrary, capricious, or unreasonable is an abuse of discretion. *Worden v. Worden*, 3d Dist. Marion No. 9-16-54, 2017-Ohio-8019, ¶ 26.

Legal Analysis

**{¶13}** In this case, Swetland failed to respond to SMC's requests for admission within the relevant twenty-eight-day timeframe. This failure to respond in a timely manner meant these requested admissions were automatically admitted. *Watson, supra*, at ¶ 18. *See Union Sav. Bank v. Litteral*, 2d Dist. Montgomery No. 25106, 2012-Ohio-5108, ¶ 12; *Gerken v State Auto Ins. Co. of Ohio*, 2014-Ohio-4428, 20 N.E.3d 1031 (4th Dist.); *Riddick v. Taylor*, 2018-Ohio-171, 105 N.E.3d 446, ¶ 22 (8th Dist.); *Progressive Direct Insurance Company v. Harrison*, 10th Dist. Franklin No. 17AP-344, 2017-Ohio-8981, ¶ 10.

**{¶14}** Subsequently, Swetland never made a formal motion to withdraw these admissions. On June 11, 2020, he did request an extension from the trial court, "seeking additional time to review and file appropriate responses to *pending* discovery and motions filed by the Plaintiff." (Emphasis added.) Doc. 22. However, the requests for admission were not pending at the time this motion for an extension was filed since SMC's requested admissions had already been deemed admitted by Swetland's failure to respond in a timely manner. The trial court noted the following in its judgment entry:

> **Regrettably, this Court granted the request on June 11, 2020. The regret comes from the fact that the Court did not specify, nor did Defendant, what discovery Defendant was referencing. If it was the discovery that Plaintiff had specified required a response in twenty-eight days, that time had expired months before.**

Doc. 22. This indicates that the trial court did not construe Swetland's motion for an extension on June 11, 2020 as a motion to withdraw his prior admissions. Thus, the trial court did not, in granting Swetland's motion for an extension, permit him to withdraw or amend his prior admissions.

{¶15} On July 15, 2020, Swetland filed a memorandum in opposition to SMC's motion for summary judgment and a notice that he had served SMC with responses to their earlier requests for admissions. Doc. 24, 25. "[T]he trial court had the authority to consider this as a motion to withdraw the admissions." *Graham, supra*, at ¶ 7. *See Lesco v. Heaton*, 8th Dist. Cuyahoga No. 94121, 2010-Ohio-3880, fn. 2 (holding "that a party's brief in opposition to a motion for summary judgment disputing the admissions can be considered a motion to withdraw or amend the admissions under Civ.R. 36."), citing *Balson, supra*, at syllabus.

{¶16} However, in this case, the trial court did not permit Swetland to withdraw these prior admissions. Doc. 26. *National City Bank v. Moore*, 9th Dist. Summit No. 19465, 2000 WL 235529, *2 (Mar. 1, 2000). In its judgment entry, the trial court stated that

> **Defendant's failure to respond as required allowed Plaintiff to deem admitted those questions to which no response was received. Plaintiff, at the time of filing its Motion for Summary Judgment [on March 5, 2020], had every right to rely on the admissions as Defendant had not filed a response despite a generous time opportunity in which to do so.**

Doc. 26. In reaching this conclusion, the trial court found that Swetland had used "delaying tactics * * * over the course of this litigation." Doc. 26. The trial court provided a timeline of this litigation in its judgment entry to support this finding. Doc. 26.

{¶17} In this case, Swetland's first attorney withdrew on July 15, 2019. Doc. 7. Over five months later, when SMC served him with requests for admissions on December 20, 2019, Swetland had still not retained new counsel. The trial court found that SMC "bolded in its pleadings for admissions the number of days * * * in which Defendant had to file his responses" and that "Defendant ignored this time limit * * *." Doc. 26. SMC then relied on these admissions when it filed a motion for summary judgment on March 5, 2020. Doc. 12. While the hearing on this matter was originally scheduled for April 1, 2020, the trial court granted both of Swetland's pro se requests for additional time to retain counsel, pushing the hearing on this matter into June of 2020. Doc. 16, 18.

{¶18} By the time Swetland finally retained new counsel, eleven months had passed since his first attorney had withdrawn from this case. Doc. 7, 22. At this point, Swetland had not responded to SMC's requests for admissions for nearly six months. Doc. 9, 22. Over three months had passed since SMC relied upon these admissions in its motion for summary judgment. Doc. 12, 22.

{¶19} Then, at the request of Swetland's newly retained counsel, the trial court granted the Defense its third extension since SMC filed its motion for

-10-

summary judgment. Doc. 23. By the time Swetland's counsel served SMC with responses to their requests for admissions in July of 2020, nearly seven months had passed since Swetland had been served with SMC's requests for admissions. Doc. 12, 25.

{¶20} In conclusion, the trial court did not permit Swetland to withdraw his admissions. Having reviewed the materials in the record, we cannot conclude that the trial court abused its discretion in this matter. *See B & T Distribs. v. CSK Constr., Inc.*, 6th Dist. Lucas No. L-07-1362, 2008-Ohio-1855, ¶ 19; *6750 BMS, L.L.C. v. Drentlau*, 2016-Ohio-1385, 62 N.E.3d 928, ¶ 17 (8th Dist.). For this reason, Swetland's first assignment of error is overruled.

*Second Assignment of Error*

{¶21} Swetland argues that the trial court erred in granting SMC's motion for summary judgment.

Legal Standard

{¶22} Appellate courts consider a summary judgment order under a de novo standard of review. *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. Under the Ohio Rules of Civil Procedure,

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and**

**only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). "The party moving for summary judgment has the initial burden 'to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact.'" *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001).

{¶23} "The burden then shifts to the party opposing the summary judgment." *Id.* "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E). "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

{¶24} "In granting summary judgment, a trial court is able to rely on a request for admission that has been deemed admitted as fact, even if it goes to the

heart of the case." *First Fed. Bank of Ohio v. Angelini*, 160 Ohio App.3d 821, 2005-Ohio-2242, 828 N.E.2d 1064, ¶ 28 (3d Dist.), citing *Willis, supra*, at 67. "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Davila, supra*, quoting *Willis, supra*, at 67. "The word 'conclusively' establishes that evidence may not be used to contradict an admission made pursuant to Civ.R. 36." *Watson, supra*, at ¶ 19, quoting *Crespo v. Harvey*, 2014-Ohio-1755, 11 N.E.3d 1206, ¶ 7 (2d Dist.), citing 1970 Advisory Committee Note, Fed.R.Civ.P. 36.

Legal Analysis

{¶25} In this case, Swetland's failure to respond timely to SMC's requests for admissions resulted in these matters being deemed admitted. Under his first assignment of error, we concluded that the trial court never permitted Swetland to withdraw or amend these deemed admissions and did not abuse its discretion in this regard. Further, these admissions stand against the verification of facts that was attached to his memorandum in opposition to SMC's motion for summary judgment. *JPMorgan Chase & Co. v. Industrial Power Generation, Ltd.*, 11th Dist. Trumbull No. 2007-T-0026, 2007-Ohio-6008, ¶ 37; *Farah v. Chatman*, 10th Dist. Franklin No. 06APP-502, 2007-Ohio-697, ¶ 16 (holding that "[a]ppellant cannot challenge matters already conclusively established, due to his failure to respond to requests for admissions, by submitting contradictory affidavits.").

**{¶26}** Since the content of these admissions conclusively establish the claims that are included in SMC's motion for summary judgment, there is no genuine issue of material fact remaining for trial. *Asset Acceptance, L.L.C. v. Witten*, 8th Dist. Cuyahoga No. 90297, 2008-Ohio-3659, ¶ 3-4; *Paasewe v Wendy Thomas 5 Ltd.*, 10th Dist. Franklin No. 09AP-510, 2009-Ohio-6852, ¶ 2, 5 (upholding a grant of summary judgment on the basis of admissions deemed admitted by a pro se litigant's failure to respond timely). Thus, having examined the materials in the record, we conclude that the trial court did not err in granting SMC's motion for summary judgment. As such, Swetland's second assignment of error is overruled.

*Conclusion*

**{¶27}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Wyandot County Court of Common Pleas is affirmed.

**Judgment Affirmed**

**ZIMMERMAN and SHAW, J.J., concur.**

**/hls**

-14-