[Cite as *Haas v. McDonald's Restaurants of Ohio*, 2022-Ohio-744.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

SARAH H. HAAS, INDIVIDUALLY AND
AS THE PERSONAL REPRESENTATIVE
OF THE ESTATE OF FRANK J. HAAS,          CASE NO. 9-21-24
(DECEASED), ET. AL.,

    PLAINTIFFS-APPELLANTS,

v.

                                  **O P I N I O N**

MCDONALD'S RESTAURANTS
OF OHIO, INC.,

    DEFENDANT-APPELLEE.

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 18CV738

**Judgment Affirmed**

**Date of Decision:  March 14, 2022**

**APPEARANCES:**

    *Pamela Dimo* **for Appellants**

    *Holly Marie Wilson* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Plaintiffs-appellants Sarah H. Haas ("Sarah"), individually and as the personal representative of the Estate of Frank J. Haas ("Frank"), appeals the judgment of the Marion County Court of Common Pleas, alleging that the trial court erred in granting summary judgment in favor of defendant-appellee, McDonald's Restaurants of Ohio, Inc. ("McDonald's"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On the morning of November 30, 2016, Sarah and Frank went to a McDonald's restaurant in Marion, Ohio. Sarah Depo. 15, 17. Eight weeks prior to this occasion, Frank had a total knee replacement surgery and had been home from the hospital for two weeks. *Id.* at 16, 39. They were stopping at McDonald's to get breakfast on the way to one of his physical therapy appointments. *Id.* at 17-18. Frank walked into McDonald's using two canes because he was "a bit unsteady." *Id.* at 17. *See* Brady Depo. 24, 27.

{¶3} After they got into McDonald's, Frank told Sarah that he needed to use the restroom. Sarah Depo. 18. Frank headed towards the bathroom while Sarah went to order their drinks. *Id.* Around this time, a McDonald's employee, Rose Brady ("Brady"), was finishing the process of cleaning the floor in the men's room. Doc. 20, Ex. A. Before she had begun cleaning, she had propped the bathroom door open with a chair "to let people know I'm in there." Brady Depo. 17, 28. Brady

also testified that she had set up a "wet floor" sign beside the stall that "[y]ou can't miss * * * when you go in" the bathroom. *Id*. at 27. *See* Grill Depo. 18.

{¶4} In video footage from a camera situated outside of the bathroom, Frank can be seen walking with his two canes towards the bathroom door. Ex. A. Frank then moved the chair that was propping the door open out of his way. Ex. A. As Frank was moving the chair, Brady can be seen coming out of the bathroom in front of Frank with a mop in her hand. Ex. A. She testified that, as she was exiting the bathroom, she told Frank, "Now, please be careful. I just mopped it." Brady Depo. 25. At this point, Frank went into the bathroom. Ex. A. Brady then put the mop into a red bucket sitting outside the bathroom and walked away. Ex. A.

{¶5} Frank then walked across the floor of the men's room and into a bathroom stall. Sarah Depo. 22. After Frank finished using the restroom, he got up, exited the stall, and fell. *Id*. at 23, 25. Frank laid on the floor for "a long time" until a McDonald's employee, Anthony Hines ("Hines"), went into the bathroom and discovered him. *Id*. Grill Depo. 11. Hines helped Frank into a chair and brought the restaurant manager, Anthony Grill ("Grill"), to the bathroom. Grill Depo. 11-12. Since Frank was struggling to walk, Grill helped him out of the bathroom and got him into a chair near to Sarah. *Id*. at 17. Sarah Depo. 20, 29. Sarah then called for an ambulance. Sarah Depo. 29-30.

{¶6} On November 30, 2018, Frank filed a complaint that named McDonald's as a defendant and raised claims of negligence and loss of consortium.

Doc. 1. However, Frank passed away during the pendency of this action. Doc. 4.

On August 12, 2019, Sarah was substituted for Frank as the personal representative

of his estate. Doc. 12. Subsequently, Grill, Sarah, and Brady sat for depositions.

During her deposition, Sarah described Frank's fall as follows:

> **[Attorney:] And then he [Frank] told you that he went back across that floor, went into the restroom, used the restroom and then came back out and fell, right?**
>
> **[Sarah:] Yes.**
>
> **[Attorney:] Did he ever indicate that he actually fell off of the toilet?**
>
> **[Sarah:] No, he didn't fall off the toilet.**
>
> **[Attorney:] Anything else he told you about how the accident happened or any of the facts surrounding what was going on in the bathroom?**
>
> **[Sarah:] He just said he was pulling his pants up.**
>
> **[Attorney:] He was pulling his pants up as he fell?**
>
> **[Sarah:] When he stepped out to, yeah, to pull his pants up.**
>
> **\* \* \***
>
> **[Attorney:] He has two canes, right?**
>
> **[Sarah:] Yes. He said he had them hanging right there.**
>
> **[Attorney:] So he wasn't using his canes at the time he fell because he was pulling his pants up?**
>
> **[Sarah:] Yes. Well, I guess he got his pants up. I don't think they dressed him.**

-4-

**[Attorney:]  Did he tell you that he was using the canes when he fell?**

**[Sarah:]  Yeah.**

**[Attorney:]  So he got his pants up, grabbed his canes and then he fell?**

**\* \* \***

**[Sarah:]  Yes.  \* \* \***

Sarah Depo. 28-29.  On November 21, 2019, McDonald's filed a motion for summary judgment.  Doc. 20.  On June 9, 2021, the trial court granted summary judgment in favor of McDonald's.[1]  Doc. 101.  *See* Doc. 102.

### *Assignment of Error*

{¶7} The appellants filed their notice of appeal on July 8, 2021.  Doc. 104. On appeal, the appellants raise the following assignment of error:

**The trial court erred by granting summary judgment in favor of Defendant-Appellees.**

### *Legal Standard*

{¶8} "Appellate courts consider a summary judgment order under a de novo standard of review."  *Schmidt Machine Company v. Swetland*, 3d Dist. Wyandot No. 16-20-07, 2021-Ohio-1236, ¶ 23, citing *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5.  Under Civ.R. 56,

---

[1] Roughly one and a half years passed between the filing of the motion for summary judgment and the trial court's decision.  Doc. 20, 101.  This delay was caused, in part, by the plaintiffs requesting an extension to respond; the need to substitute a party after Frank's death; a substitution of counsel; and a number of issues that arose during discovery.  Doc. 4, 25, 31, 45, 59, 70, 72.

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law \* \* \*. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.**

Civ.R. 56(C). Accordingly, summary judgment is to be granted

> **only when it is clear '(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'**

*Beair v. Management & Training Corp.*, 3d Dist. Marion No. 9-21-07, 2021-Ohio-4110, ¶ 15, quoting *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47 (1978).

{¶9} Initially, "[t]he party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 370, 1998-Ohio-389, 696 N.E.2d 201, 204 (1998). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Neal v. Treglia,*

2019-Ohio-3609, 144 N.E.3d 1045, ¶ 12 (3d Dist.), quoting *Carnes v. Siferd*, 3d Dist. Allen No. 1-10-88, 2011-Ohio-4467, ¶ 13.

{¶10} If the moving party carries this initial burden, "[t]he burden then shifts to the party opposing the summary judgment." *Bates Recycling, Inc. v. Conaway*, 2018-Ohio-5056, 126 N.E.3d 341, ¶ 11 (3d Dist.), quoting *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8. "In order to defeat summary judgment, the nonmoving party may not rely on mere denials but 'must set forth specific facts showing that there is a genuine issue for trial.'" *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

{¶11} "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256, ¶ 6 (3d Dist.), quoting *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138 (1992). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

{¶12} "To prevail in a negligence action, a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120, ¶ 10. "The status of the person injured by a third party on an owner's premises determines the scope and extent of the owner's duty to the injured person."

*Heffern v. Univ. of Cincinnati Hosp*., 142 Ohio App.3d 44, 52, 753 N.E.2d 951, 957 (10th Dist. 2001). "Under Ohio law, an owner's duty of care depends on whether the injured person is an invitee, a licensee, or a trespasser." *Id*.

{¶13} "An invitee is one 'who rightfully come[s] upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner.'" *Durfor v. West Mansfield Conservation Club*, 3d Dist. Logan No. 8-21-26, 2022-Ohio-416, ¶ 19, quoting *Gladon v. Greater Cleveland Regional Transit Auth*., 75 Ohio St.3d 312, 315, 1996-Ohio-137, 662 N.E.2d 287, 291 (1996). "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition * * *." *Armstrong v. Best Buy Co., Inc*., 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.

> **This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against. Accordingly, the proprietor's duty is normally predicated upon his superior knowledge of a dangerous condition on his premises. Since a warning eliminates the disparity between the proprietor's and patron's knowledge of the dangerous condition, it is usually sufficient to discharge the proprietor of his duty to exercise reasonable care.**

*Jackson v. Kings Island*, 58 Ohio St.2d 357, 359, 390 N.E.2d 810, 812 (1979).

> **Normally, the adequacy of a warning is a question of fact for the jury. *See Seley v. G.D. Searle & Co*. (1981), 67 Ohio St.2d 192[, 423 N.E.2d 831]; *Simmers v. Bentley Constr. Co*. (1992), 64 Ohio St.3d 642, 646[, 1992-Ohio-42, 597 N.E.2d 504]; *Hokaj v. Vandra Brothers* (Sept. 1, 1994), Cuyahoga App. No. 65954, * * * [1994 WL 476363]; *Blatt v. Hamilton* (Mar. 6, 1986), Franklin App. No. 85AP-835, * * * [1986 WL 2925]. However, if reasonable minds**

> **can only come to one conclusion regarding the adequacy of the warning, summary judgment is appropriate.** *Blatt* **at 448.**

*Watts v. Taco Bell, Inc.*, 10th Dist. Franklin No. 96APE08-1021, 1997 WL 24880, *2 (Jan. 21, 1997).

{¶14} However, "[a] shopkeeper is not * * * an insurer of the customer's safety." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475 (1985). Thus,

> **under the 'open and obvious' doctrine, '[a]n occupier of premises is under no duty to protect a business invitee against dangers** *which are known to such invitee* **or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'**

(Emphasis added.) *Horner v. Jiffy Lube Intern., Inc.*, 10th Dist. Franklin No. 01AP-1054, 2002-Ohio-2880, ¶ 27, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), first paragraph of the syllabus. *See Paschal* at 203-204.

{¶15} "The open and obvious doctrine relates to the duty prong of negligence * * *." *Johnson v. Southview Hosp.*, 2d Dist. Montgomery No. 25049, 2012-Ohio-4974, ¶ 9. "When applicable * * * the open-and-obvious doctrine obviates the duty to warn * * *." *Armstrong*, *supra*, at ¶ 5. *See also Howard v. Meat City, Inc.*, 3d Dist. Allen No. 1-16-32, 2016-Ohio-7989, ¶ 10.

> **The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.**

*Simmers, supra,* at 644. If "a plaintiff is injured by an open and obvious danger, summary judgment is generally appropriate because the duty of care necessary to establish negligence does not exist as a matter of law." *Lang, supra*, at ¶ 11.

*Legal Analysis*

{¶16} In this case, as Frank walked towards the restroom, a red mop bucket was sitting directly outside of the bathroom door. Ex. A. Frank then moved a chair that was propping the door open out of his way. Ex. A. This chair had cleaning supplies sitting on top of it. Ex. A. Brady testified that she placed this chair in this location to make patrons aware that she was cleaning inside the bathroom. Brady Depo. 17, 25, 27. After Frank moved the chair, he stood to the side as Brady exited the bathroom. Ex. A. Brady was mopping the floor as she walked past Frank. Ex. A. As Frank walked into the bathroom, she was mopping the area around the outside of the bathroom door. Ex. A. These aforementioned facts would have made a reasonable invitee aware that Brady was finishing the process of mopping the floor in the men's room. The Ohio Supreme Court has held that "a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee * * *." *Paschal, supra*, at 203.

{¶17} We also note that Sarah affirmed that Frank walked across the bathroom floor to the stall, used the restroom, and fell when he was walking out of the stall. Sarah Depo. 23, 28. The video footage shows that Brady did not go back into the bathroom with a mop while Frank was inside the bathroom. Ex. A. For

this reason, there is no indication from this footage that Brady changed the condition of the bathroom floor by mopping it while Frank was inside the stall. *See* Sarah Depo. 36. *See Ashley v. RHF, Inc.*, 4th Dist. Pike No. 93 CA 501, 1993 WL 303248, *3 (Aug. 12, 1993). Thus, Frank was able to navigate the bathroom floor on his way to the stall without falling and had, at the very least, some familiarity with the condition of the floor.

{¶18} Further, Brady stated that she gave a verbal warning directly to Frank regarding the condition of the men's room floor before he entered the bathroom. Brady Depo. 25. She testified that she told Frank, "Now, please be careful. I just mopped it." *Id*. Brady also said that she had placed a "wet floor" sign next to the bathroom stall that "[y]ou can't miss * * * when you go in" the bathroom before she began cleaning. *Id*. at 27. Doc. 30, Ex. A. She further said that she set this sign up every time she cleaned the bathrooms. Brady Depo. 17-19. Grill also testified that a "wet floor" sign was posted next to the bathroom stall at the time that Frank fell. Grill Depo. 18. *See Reeves v. St. Leonard*, 2d Dist. Montgomery No. 27494, 2017-Ohio-7433, ¶ 30-32; *Nibert v. K-Mart Corp.*, 12th Dist. Madison No. CA89-09-019, 1990 WL 67011, *2 (May 21, 1990). Thus, even if there were a duty to warn in this case, Brady gave a verbal warning directly to Frank in addition to posting a "wet floor" sign next to the stall in the bathroom.

{¶19} In conclusion, as Frank approached and then entered the bathroom, there were numerous, readily observable indications that the floor of the men's room

-11-

had recently been mopped. *See Pascal, supra*, at 203. Further, Frank was warned about the condition of the floor by Brady and the presence of a "wet floor" sign. Against this uncontradicted evidence, the appellants have failed to identify a genuine issue of material fact for trial. For these reasons, we conclude that the trial court did not err in granting summary judgment in favor of McDonald's. Accordingly, the appellants' sole assignment of error is overruled.

*Conclusion*

{¶20} Having found no error prejudicial to the appellants in the particulars assigned and argued, the judgment of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/hls**